Woodbury, et als, v. Larned.

J. P. Woodbury, et als, Executors, &c., Appellants, against William L. Larned, Respondent.

APPEAL FROM THE DISTRICT COURT OF ANOKA COUNTY.

Agency cannot be proved by the declarations of the pretended agent; an original authority, or ratification by the principal of the acts or declarations of the agent, must be shown by evidence *aliunde*, but this rule does not require such proof invariably in the first instance: the order in which proof shall be admitted is a matter resting in the discretion of the Judge who tried the cause.

The ratification of an act of an agent, previously unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts.

The principal, by accepting a benefit accruing from the acts of the agent, is precluded from denying the agent's authority.

Possession of a promissory note, payable to bearer, is presumptive evidence that the holder is the proper owner or lawful possessor of the same, and sufficient to entitle the person producing it to receive payment thereof; but the authority to receive payment does not necessarily include the right of the holder to make any arrangement with regard to the note of another to the owner.

Where there is evidence sufficient to sustain the verdict, aside from that to which the erroneous part of the charge refers, and especially where the evidence is of such a nature that it is scarcely possible that the objectionable part of the charge could have had any influence on the finding, this Court will not disturb the verdict on that ground.

Points and authorities of Appellants:

*First.*—The declarations of a person assuming to act as an agent, cannot be given in evidence to affect his alleged principal, until the fact of agency is first established, and this must be done by matters *aliunde* the acts and declarations of the pretended agent. *Vide Cowen, Hill and Edwards'*, notes vol. 1, *pp*. 513–14–15, *particularly note* 144; *Dunlap's Paley on Agency*, 309, 310; *Ib.* 316, 317; *Scott vs. Crane*, 1 *Conn. R.* 255.

*Second.*—A party cannot be bound by a ratification, unless upon full knowledge of all the facts, and a ratification of acts done without authority will not be found except upon facts which lead to a safe, satisfactory, and unequivocal conclusion. *Story's Agency*, sec. 253, *&c.*; *Dunlap's Paley*, 171, *&c.*; *Crooker vs. Appleton*, 25 *Maine*, 131; *Barnard vs. Wheeler*, 24 *Id.* 412; *Bryant vs. Moore*, 26 *Id.* 84.

*Third.*—Declarations of agents are never admissible to affect a principal unless they constitute a part of the *res gestæ*, and are then received not as declarations representative of what the act was, but as constituents thereof, and with extreme caution. *Vide* 1 *Cowen, Hill and Edwards'*, 507–510;

*Id.* 511, 512, *and note; Dunlap's Paley, marg. pp.* 268–273, *and notes especially; Fairlee vs. Hastings,* 10 *Vesey,* 123, 126, 127. This principle excludes all of the declarations here admitted, because the act was inconsummate until the fact of the pretended ratification. *Refer to cases cited under Third point, also First point.*

*Fourth.*—The testimony of the Defendant establishes that there was no contract obligatory to forbear upon the collection of the note.

*Fifth.*—It was manifest error to charge that "the possession of one claiming to be agent was *prima facie* evidence of the right of the holder to make any arrangement for the benefit of the owner," and to exclude the view suggested by Plaintiff's counsel below. *Vide Dunlap's Paley, marg. p.* 291, *note c ; Id. mar. p.* 292, *and note; Lewis vs. Gamage,* 1 *Pick.* 347; *Huston vs. Mitchell,* 14 *Serg. & Rawle,* 307; *Gable vs. Hain,* 1 *Penn.* 267; *Langdon vs. Potter,* 13 *Mass.* 319; *Beardslee vs. Root,* 11 *Johns.* 464; *Benedict vs. Smith,* 10 *Paige,* 127.

*Sixth.*—The verdict was an outrage upon the evidence, and for this reason alone, as well as for those urged *supra,* a new trial should be granted.

Points and Authorities of Respondent.

*First.*—A new trial should never be granted upon the ground that the verdict is against evidence, when, as in this case, there was evidence on the same issue on both sides. The jury are the only judges to determine which scale preponderates. *Graham & Waterman on New Trials, vol.* 1, *p.* 380; *Fry vs. Bennett, Abb. Pr. Rep. vol.* 9, *p.* 45.

*Second.*—A subsequent ratification of acts done by a party claiming to act in the capacity of agent for another, by a principal, is in all respects as binding upon the principal as express authority granted prior to the act. *Dunlap's Paley on Agency, marg. p.* 171, *note o, and authorities cited marg. pp.* 31, 114, 211; 19 *Johns. Rep.* 554, *Skinner vs. Dayton;* 13 *Mass. Rep.* 182, *Odiorne vs. Maxcy;* 1 *Story's Rep.* 43, *Forrester vs. Bordman; The N. E. Marine Ins. Co. vs. De Wolf,* 8 *Pick.* 63; *Lawrence vs. Taylor,* 5 *Hill,* 107–113; *Com. Bank of Buffalo vs. Warren,* 15 *N. Y. Reports,* 557;

*Chitty on Contracts*, marg. p. 202, and authorities cited under note 1, p. 220.

*Third.*—Statements made by a party at the time of the performance of an act to a party to the transaction, or a third party, are a part of the *res gestæ*, and are admissible in evidence; and the statement of a party who holds a promissory note, and is making an arrangement in regard to the same as to the capacity in which he holds it and claims to act, is a part of the *res gestæ*, and admissible in evidence in a suit brought to avoid the transaction, or where its validity is questioned. *Phillips on Evidence*, vol. 2, *Cowen & Hill's, Notes*, pt. 1, ch. 7, note 452, pp. 599, 601, 602; *Greenleaf on Evidence*, vol. 1, pp. 135, 137, secs. 108, 109, pp. 138, 250, 251.

*Fourth.*—If a principal receive and hold the proceeds or beneficial results of an act done by a party claiming to act in the capacity of agent for another, knowing how they were obtained or done, he will be estopped from denying the original authority, or a ratification of such act, and will be held to have ratified the transaction. Slight circumstances are sufficient to show ratification. *Parsons on Contracts*, p. 44, and note U, p. 46, with authorities there cited; *Veasie vs. Williams*, 8 *Howard*, (*U. S.*) p. 134; *Clark's Executors vs. Van Rrmsdyk*, 9 *Cranch*, (*U. S.*) p. 308; *Dunlap's Paley*, marg. p. 172, note P, authorities cited.

J. B. BRISBIN, Counsel for Appellants.

SANBORN & LUND, Counsel for Respondent.

*By the Court.*—ATWATER, J.—Action on promissory note, made by one Craig as principal, and Larned, the Respondent, as surety. Larned set up in defence, that the Plaintiff, without the consent of the surety, had given the principal an extension of time on the note for a valuable consideration, and that Craig afterward, and before suit brought became insolvent. It appeared that after the Plaintiff received the note in suit, he left the same with Marshall & Co., Bankers of St. Paul, and afterwards was absent in Europe. Marshall & Co., having failed, they or their assignee requested a brother
42

of the Plaintiff to call and get the note, about the time the same became due, (in September 1857) which he did, and left it with George Smiley, a real estate agent in Anoka, where the Defendants resided, and who made the arrangement which is set up in defence to this action. Smiley testified, that Dwight Woodbury, (the brother of the Plaintiff, from whom witness received the note) requested him to talk with Larned and Craig respecting the notes. "He instructed me to take a note of P. M. Craig, which I did. That note was made up of the interest on the note at the rate of three per cent. per month, less seven per cent. per annum on this note after maturity—also the interest on the interest then due on this note at the rate of three per cent. per month, for six months, the two items amounting to about one hundred and sixty dollars." It appeared that John P. Woodbury, the Plaintiff, knew nothing about this transaction at the time, and was first informed of it in 1859, after his return from Europe. He then expressed dissatisfaction with what had been done, but, (as appeared from the testimony of Albert Woodbury, a brother of Plaintiff, and partner of Smiley,) "requested us to sue these notes, and we declined. He took the notes from our possession in the spring of 1859. I saw the notes the last term of this Court in possession of Plaintiff's counsel." Various exceptions to the evidence were taken by the Plaintiff and also to the charge to the jury. The jury found a verdict in favor of the Defendant. A motion for a new trial below was denied and the Plaintiff appeals to this Court.

Upon the trial of the cause, the witness, Smiley, was asked by the Defendant's counsel, to state "whether Dwight Woodbury, when he handed you the note, gave you any instructions what to do with it?" Which question was objected to by Plaintiff's counsel as hearsay and immaterial, and the Court thereupon requested the counsel for the Defendant to state what they proprosed to prove by the witness, by his answer to the said interrogatory. The counsel for the defence thereupon stated to the Court, that he proposed to prove by the witness, that at the time the note was delivered to him by Dwight Woodbury, said Woodbury assumed to act as the agent of John P.

Woodbury the original Plaintiff, and gave to said witness as the agent of said John P. Woodbury, specific instructions what course to pursue in the collection of the note, the same to be followed by evidence of ratification of the acts of the witness by said John P. Woodbury. The Court held the testimony was admissible in the view stated in the proposition. The Plaintiff excepted, and the witness testified.

We do not think there was error in this ruling. The proposition, which is now urged to the Court by the Plaintiff's counsel, to wit, "that the declarations of a person assuming to act as an agent, cannot be given in evidence to affect his alleged principal, until the fact of agency is *first* established, and this must be done by matters *aliunde* the acts and declarations of the pretended agent," cannot be maintained in the broad form in which it is stated. It is doubtless true that agency cannot be proved by the declarations of the pretended agent. An original authority, or ratification by the principal, of the acts or declarations of the agent must be shown by evidence *aliunde*; but we do not understand the rule to require such proof invariably in the first instance. It would perhaps be the more regular and systematic course to introduce evidence establishing the agency in the outset, and then show what was done by the agent, but the order in which proof shall be admitted is a matter resting in the discretion of the Judge, who tried the cause. *Cowen & Hill's notes, Phil. on Ev. Vol. 4. p.* 709, *et. seq.* This general rule is well settled, and we are not aware that the case at bar forms any exception to it.

It is not claimed in this case that Smiley had any original authority from the Plaintiff to do any act with reference to the note in suit, but it is claimed that his acts in the premises have been adopted and ratified by the Plaintiff, after the same came to the knowledge of Plaintiff. If such be the case, the principal will be bound to the same extent as though be had given authority to the agent, in the first instance. *Dunlap's Paley on Agency, p.* 114 *marginal p.* 171 ; *note o, p.* 312.; 19 *John,* 554 ; 5 *Hill* 107 ; 15 *N. Y. R.* 577 ; *Parsons on Con. Vol* 1, *p.* 445–6. It is urged by the Plaintiff's counsel, that a party cannot be bound by a ratification unless

upon full knowledge of all the facts, and a ratification of acts done without authority, will not be found except upon facts which lead to a safe, satisfactory and unequivocal conclusion. It is undoubtedly true, that the ratification of the act of an agent, previously unauthorized, must, in order to bind the principal, be with a full knowledge of all the material facts. But in the case at bar we think there was sufficient evidence before the jury to warrant them in finding a ratification with such knowledge. There was at least some evidence tending to establish this fact, and though it might not be deemed conclusive in the mind of the Court, yet the finding of a jury cannot be disturbed on this ground. Albert Woodbury testified that "John P. Woodbury first knew about this" (the transaction with reference to the note) "in the summer of 1859. I asked him if he had given instructions to my father, and he replied that he had not—that he had given instructions to nobody. The substance of his remarks was disapprobation in relation to the course pursued in taking the interest note." And in his cross examination he says : "John P., objected to the note not being prosecuted at maturity. He said the not doing so was unauthorized. Smiley and I had done this business and he expressed disapprobation of our course. He had received information from some source, that Larned considered himself released." It would appear from this that the Plaintiff had been made aware of the transaction, at the time he took the notes, and knew that Larned claimed to be released, one of the most important circumstances in the consideration of a ratification of the transaction. Indeed, it is scarcely possible he could have taken away the interest note with the other, without an inquiry as to the facts of the transaction ; and the authorities above cited, with others which might be adduced, show that by accepting a benefit accruing from the acts of the agent, he is precluded from denying his authority. It appears it is true, that he was dissatisfied with, and objected to the arrangement which Smiley had made, but after all, he orders the notes sued, and finally takes the notes away, and retains possession of them, acts which are entitled to greater weight in the consideration of the question of his acquaintance

with the transaction, and his ratification of it, than his remarks with reference to it.,

It is further urged by the Appellant, that the testimony of the Defendant, establishes that there was no contract obligatory to forbear upon the collection of the note, and that the verdict was against evidence. We do not think the testimony of the Defendant goes to this extent, though taken alone, it would be perhaps safe to say, that it fails to establish the existence of such contract. The evidence in regard to such contract, as it is presented to this Court, is certainly slight, and may well occasion some surprise that the Jury should have found for the Defendant. But upon a careful examination of the whole testimony, we think there was *some* evidence tending to show such contract, and that this Court would not be justified in making this case an exception to the well settled rule, which refuses to disturb a verdict where there is any legal evidence to sustain it. The testimony of Smiley as to what was said between him and Craig, at the time of taking the interest note, is entirely of a negative character. His memory is entirely at fault, with reference to this part of the transaction. But Dwight Woodbury testifies that he "suggested to Smiley and Woodbury that they should take a note at six months for the interest, so as to make the interest equal to what the note drew upon its face, and have the interest note dated back to the time of the maturity of the note, and that no proceedings should be taken against Craig for the said six months unless my brother J. P. Woodbury should otherwise order. So far as I made suggestions, this promise or suggestion to extend the time of payment was the inducement to Craig to sign the note." There was some other testimony touching this point, which it is not necessary to quote. It appeared that at the time Dwight Woodbury gave these instructions, or made these suggestions to Smiley and Woodbury, he had no authority from the Plaintiff to act for him in the premises; but in view of the giving of the interest note, and the circumstances connected with the ratification, we think the evidence proper to be considered by the Jury. The evidence shows that the interest note (so called) was executed about the time the original note became due, and included the interest on that note at three per cent per month,

for six months in advance, a circumstance not entirely without weight, since it is scarcely possible to conceive that the debtor would enter into such an obligation, without receiving some consideration therefor, and no other is shown or claimed to exist, except this of the extension of time on the original note. Of the conclusiveness of this testimony, the jury must be the sole judge.

The Court charged the Jury, that the possession of a note "by one claiming to hold, as agent for the owner, is *prima facie* evidence of the right of the holder to make any arrangement with regard to the note of benefit to the owner." The authorities cited to this point by Defendant's counsel do not sustain the proposition, and it is at least doubtful whether it is tenable in the broad form in which it is stated. Possession of a promissory note payable to bearer, is presumptive evidence that the holder is the proper owner or lawful possessor of the same, and sufficient to entitle the person producing it, to receive payment thereof. *Story on Bills, sec.* 415 ; *Green on Ev., Vol.* 2, *sec.* 65. I do not think the authority to receive payment of a note, necessarily includes that to do the acts mentioned in the charge. But if the charge in this respect was not strictly correct, it is scarcely possible that the Plaintiff was, or could have been prejudiced by it, inasmuch as we think there was evidence sufficient before the jury to find a ratification by the principal, of the act of the assumed agent. Indeed, it is manifest that the Jury must have found a ratification, as the judge distinctly charged them, that to constitute an agency, there must be either an original authority or a subsequent ratification, and there seems to have been no pretence, at least there is no evidence to show, that Smiley had any original authority from the Plaintiff. Had the evidence tended to show an implied authority on the part of the agent, the charge would have been much more likely to mislead the jury. Where there is evidence sufficient to sustain the verdict aside from that to which the erroneous part of the charge refers, and especially where the evidence is of such a nature, that it is scarcely possible that the objectionable part of the charge could have had any influence on the finding, we do not think the verdict should be disturbed on such ground.

The judgment below is affirmed.