M. F. LIENAU, Plaintiff in Error, against PATRICK MORAN, and JOHN S. MOBLEY, Defendants in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A chattel mortgage executed on the 6th day of March, 1860, to wit, on the day of the approval of a new law relating to chattel mortgages, must be governed by the old law, (*Comp. Stat.*, p. 348 sec. 3,) as the new act did not take effect until thirty days after its passage, and by its terms it applies only to mortgages executed subsequent to its enactment. Under the old law, if the mort gagee filed the mortgage, the mortgagor might have retained the possession of the chattels without the mortgage becoming thereby entirely vitiated: the possession of the goods by the mortgagor made the mortgage *prima facie* fraudulent against creditors, and threw the onus of proof upon the mortgagee to clear it up. But if the mortgage, or a copy thereof, was not filed, and the chattels remained in the possession of the mortgagor, the mortgage would be absolutely void as against creditors. Nothing will save it as against creditors, but an absolute delivery of the chattels mort gaged to the mortgagee, and an actual and continued possession thereof by him.

Points and authorities of Plaintiff in Error:

I.—The law of 1860 respecting chattel mortgages was not in force at the time this mortgage was made. *Rev. Stats.*, p. , sec. ; *Constitution of Minn.*, art: 16, sec. 2. The pro visions of the act apply only to mortgages made after it went into effect, *vide section* 2.

II.—No specific acts or circumstances showing fraud are alleged or proven by the Defendants in error—fraud is found by the Court as a conclusion of law.

III.—The facts that the mortgagor continued in business with mortgagee, and that the goods remained in the store where they carried on that business, do not show fraud. There was an actual delivery of the goods before the execution

issued; the mortgage was on sufficient and actual consideration, and the good faith of its execution is in no way impeached.

IV.—Mobley was not a creditor of the mortgagor when the mortgage was made, and he cannot object to the validity of the mortgage on the ground that it was in fraud of any of his rights. 19 *Wend. Rep.* 514; 20 *Ib.* 17; 3 *Com. Rep.* 310; 10 *Paige*, 126. A creditor is one holding an execution against the mortgagor. *Cowen's Treatise*, sec. 615, *p.* 235.

V.—No demand is necessary in replevin where the Defendant has come into possession wrongfully.

Points and authorities of Defendant in Error:

I.—Every chattel mortgage, not accompanied by immediate delivery and change of possession, shall be void, " unless it shall appear that such mortgage was executed in good faith," &c. *Section* 1 of " an act providing for the filing of chattel mortgages, and defining the effect thereof," approved March 6, 1860; *Edwards on Bailments*, 258, 259, *and cases there cited; Willard's Equity Jur.* 241, 242; 2 *Kent's Com.*, 529, note f.

II.—The date of the filing of a chattel mortgage, and not the date of the instrument, is the time which determines the law under which it has effect as to third persons.

III.—Adopting the new law as to filing precludes the adopting the old as to proof.

IV.—The new law is declaratory of the meaning and effect of the old.

V.—Parol evidence is not admissible to add to or vary the legal effect of a written instrument or matter of record. 2 *Min. Rep.* 213, *Baldwin vs. Winslow;* 1 *Exch.* 154, *Goldshede vs. Swan; Phillips on Ev., C. & H's, and Edwards' Notes,* vol. 2, 4 ed., *p.* 644, 666, *and cases cited.*

VI.—To constitute a good delivery there must be something more than mere words, there must be acts. *Phillips on Ev. C. & H's, and Edwards' Notes,* vol. 3, 4 ed., *p.* 370, *foot of note,* 957; *Artcher vs. Finch,* 5 *Hill*, 205; *S. C.* 1 *Comstock's Rep.* 261.

VII.—A mortgagor resuming possession after once deliver-

ing the property has the same legal effect as retaining it from the beginning. *Took vs. Comstock*, 15 *Wend. Rep.* 244.

VIII.—An action will not lie against an officer for a levy on personal property before the mortgage becomes due. *Randall vs. Cook*, 17 *Wend. Rep.* 53.

IX.—When it is agreed that the mortgagor shall retain possession for a stipulated time, the mortgagee cannot maintain replevin till the expiration of such time. *Chitty's Pld.* 163, *note* 4, *2d paragraph; Ingraham vs. Martin*, 3 *Shepley*, 373.

X.—There must be a right to the immediate possession of property to maintain an action of replevin. *Gates vs. Gates*, 15 *Mass.* 310; *Collins vs. Evans*, 15 *Pick.* 63; *Chinn vs. Russell*, 2 *Blackf.* 304; *Ingraham vs. Martin*, 3 *Shepley*, 373; *Co. Litt.* 145 *b;* 20 *Johns. R.* 465; 3 *Hill*, 576; *Comp. Stat. Minn. p.* 512, *sec.* 86.

XI.—When a mortgagor of a chattel has a right to the possession for a definite period before the property can become forfeited, he has such an interest as may be sold on execution. *Hull vs. Carnley*, 1 *Kernan's Rep.* 501, *and cases cited; also review of same case in Smith's Court of Appeals, vol. 3, p.* 202; 17 *Wend. R.* 492.

XII.—Mortgagor in possession before default has a right to sell his interest in mortgaged chattels, and when private sale can be made judicial sale also can be made. *Hull vs. Carnley*, 1 *Kernan's Rep.* 507; 2 *Wend.* 601.

XIII.—A demand and refusal are necessary in all cases where the Defendant became in the first instance lawfully possesssed of the goods. 3 *Hill*, 282; 6 *Hill*, 614; 24 *Wend.* 169; 1 *Chitty on Pld.* 157; *Van Sant's Pld.* 277.

XIV.—The mortgagor in possession, a levy under execution, is not a wrongful taking.

D. C. COOLEY, Counsel for Plaintiff in Error.

ROBERT P. LEWIS, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J. The mortgage executed by Charles Lienau and wife to the Plaintiff on the 6th day of

March, 1860, was governed by the old Statute of 1851 as to filing—the new act of 1860, approved on the same day the mortgage was executed, not taking effect until thirty days after its passage.   Had the mortgagee filed his mortgage under the old act (*Comp. Stats., p.* 348, *sec.* 3,) the mortgagor might have retained the possession of the chattels without the mortgage becoming thereby entirely vitiated.   In such case the possession of the goods by the mortgagor made the mortgage *prima facie* fraudulent against creditors, and threw the onus of the proof upon the mortgagee to clear it up, and show that it was a *bona fide* security.   If the mortgage or a copy was not filed, and the possession remained in the mortgagor, then, under the old act, the mortgage would be absolutely void as against creditors in any aspect that it might come in question.   The mortgagee however did not file under the old act at all, and the mortgagor remained in the possession of the chattels, or rather the chattels remained in the store where they were at the time of the execution of the mortgage, the mortgagor and mortgagee continuing to sell the same as before, until the 5th day of July, 1860, when the mortgagee filed the mortgage under the new law of 1860, with the City Clerk of St. Paul, and the mortgagor went through a form of delivering the goods to the mortgagee by pointing them out to him, and declaring that he gave him up possession of them.

The mortgage could not be effected one way or the other by the law of 1860, as that law, by its terms, applies only to mortgages executed subsequent to its enactment.   It must therefore stand or fall under the law of 1851, and under that law, where the mortgage is not filed, nothing will save it as against creditors except an immediate delivery of the chattels mortgaged to the mortgagee, and an actual and continued possession of them by him.   It will not do to allow the goods to remain exactly as they were in the store of the partners, and the business to continue as if no change of proprietorship had taken place until immediately before some creditor is about to levy upon them, and then to go through the form of a delivery.   If the mortgage is concealed, as in this case, notice in an unmistakable form of the mortgagee's claim must

be given in some way, and that is best accomplished by an immediate and continued change of possession.

The only papers furnished to this Court are the pleadings and the decision of the District Judge, who tried the case, in the latter of which it is distinctly found as a fact, "that it does not appear that said mortgage was executed in good faith, and not for the purpose of defrauding any creditors of said Charles Lienau." As we have seen, where a mortgage is filed properly under the old act the onus of establishing the *bona fides* of the transaction is upon the mortgagee, where the property remains in the possession of the mortgagor. The failure to establish it in this case, where there was neither a filing nor change of possession, must necessarily prove fatal to the validity of the mortgage.

The Judge was clearly right in his decision, and the judgment should be affirmed.