EDDY, FENNER & Co., Respondents, *vs.* J. Y. CALDWELL, Appellant.

### APPEAL FROM THE DISTRICT COURT OF RAMSEY COUNTY.

A chattel mortgage filed pursuant to the provisions of *Sec. 3, Chap. 22, Comp. Stats.*, was constructive notice to all persons of the existence and contents of the same.

Where a chattel mortgage purported to convey, among other things, ten horses in the possession of the mortgagor, the instrument is not void for uncertainty or insufficiency of description. Under such description, it is competent to prove that the horses taken by the mortgagees, were those actually mortgaged.

Where a party moves for a new trial on the ground of newly discovered evidence, he must produce the affidavit of the witness himself, to the facts which he proposes to prove by him, or satisfactorily account for its absence. Upon such ground of motion, the best evidence of which the case is susceptible in regard to the facts to be proved, must be produced.

### Points and Authorities of Appellants.

I.—Parol evidence was properly received to show the identity of the property in controversy with that described in the mortgage, the mortgage being inexplicit. *Vol. 2, Cowen, Hill & Edward's Notes, p. 711.*

II.—Upon the evidence which is uncontradicted, the verdict should have been for the Defendant.    22' *Smith N. Y. Rep.*, 37; 1 *Parsons on Contracts, p. 453, note a, and cases cited.*

III.—Upon the question of actual notice, there was testimony on both sides, and the jury having passed upon it, a

new trial will not be granted. 3 *Gra. & Wat. on N. T.*, 1363, 5 *Barb. N. Y. C. R.*, 607; *Woodbury vs. Larned*, 5 *Min. Rep.* p. 345; *Sayer vs. Eastwood*, 19 *Wend.*, 514; *Russel vs. Butterfield*, 21 *Wend.*, 300.

IV.—A new trial will not be granted on the newly discovered evidence, because no diligence is shown; because the witness by whom it is sought to be proved is not brought in under oath and affidavit, and because the affidavit of John M. Gilman and John B. Brisbin show that the facts are not true and that no different result would ensue if the testimony was in the case. 1 *Gra. & Wat. on N. T.*, 472; *Mead vs. Carlton*, 5 *Minn.*, p. 171.

Points and Authorities of Respondent.

I.—The verdict of a jury will always be set aside, and a new trial granted, when it is against the evidence and the weight of evidence, or the justice and equity of the case, or when the verdict is palpably and manifestly erroneous, so that it is apparent the jury must have totally misunderstood or disregarded the evidence and instructions of the Court. 3 *Gra. & Wat. on New Trials*, 1298, 1300, 1305–6, 1311–12, *and generally the whole of chap.* 15, *treating upon this subject; Wendall vs. Safford*, 12 *N. H.*, 171; *Thomas vs. Hatch*, 3 *Sumner*, 17; 1 *Gra. & Wat. on N. T.*, p. 367; *Wells vs. Waterhouse*, 9 *Shep.*, 131; *Corlies vs. Little*, 2 *Green.*, 373; *Jenkins vs. Whitehead*, 1 *Smedes & Marsh.*, 157; *Yale vs. Yale*, 1 *Conn.*, 185; *Brown vs. Handley*, 7 *Leigh.*, 119; *Burgh vs. Shanks*, 5 *Leigh.*, 598.

There is no evidence in the case to sustain the verdict.

II.—The chattel mortgage introduced and read in evidence did not describe the property named in the complaint, and therefore was incompetent testimony, and therefore the Court erred in allowing the same to be introduced in evidence.

III.—The Court erred in refusing to instruct the jury to find and return a verdict for the Plaintiffs, on the ground that there was no evidence that the Plaintiffs at the time they purchased the horses had any notice, either actual or constructive, of the lien or claim of Dunwell or Cave, and, because it

was conceded in the testimony that they were purchasers in good faith and for a valuable consideration.

IV.—The evidence that a purchaser for a full and valuable consideration of personal property, had actual notice, when no notice can be inferred of a prior lien or incumbrance on the same in favor of a third party, should in all cases be clear and conclusive.

V.—The verdict should be set aside for newly discovered evidence alone since the former trial, as appears fully by the motion papers in folios 1 to 17 inclusive.

This testimony is new, material, and not cumulative, and it fully appears that the parties used reasonable diligence to procure the same prior to and on the former trial. 1 *Gra. & W.* vol. 1, *p.* 463-4-5; *Porter vs. Talcott,* 1 *Conn.,* 359.

John B. Brisbin, Counsel for Appellant.

Sanborn & Lund, Counsel for Respondents.

*By the Court*—Atwater, J.—This was an action brought by the Respondents to recover possession of a span of horses, of which they claimed to be the owners, and alleged that the Defendant had wrongfully taken the property from the possession of the Plaintiff. The Defendant admitted the taking, and justified under a chattel mortgage, executed by one Keough in favor of C. S. Cave and D. W. C. Dunwell, and alleged that said Keough sold to said Cave and Dunwell the said horses with other property described in said mortgage, and that as sheriff of Ramsey County he took the horses under the direction of the mortgagees named in said mortgage, and by virtue of the authority therein contained. The reply denied the principal allegations in the answer, and alleged that the Plaintiffs purchased the horses of one Kellogg without notice of the mortgage.

There was a jury trial and verdict for the Defendant. The Plaintiffs moved for a new trial, and the motion was granted. From the order granting a new trial, the Defendant appeals.

Three grounds were urged in the Court below upon which it was claimed a new trial should be granted, to wit:

1. Because of the insufficiency of the evidence to justify the verdict, and that it is against law.

2. Because of errors in law occurring at the trial, and excepted to by the Plaintiffs.

3. Because of newly discovered evidence material to the Plaintiffs, &c.

We will consider these in their order.

In order to determine whether the first ground of error is well founded, it will be necessary to consider what were the issues formed by the pleadings. The answer sets out at length the indebtedness of Keough to Cave and Dunwell, and the execution of the chattel mortgage by the former upon the property in question, (with other,) as collateral security therefor. That default was made by Keough in the payment of his note, and that in pursuance of the power contained in the mortgage, the Defendant took the property by direction of the mortgagees.

The reply denies that the Plaintiffs have any knowledge or information sufficient to form a belief as to the ownership of the property by Keough, as to his indebtedness to Cave and Dunwell, and as to the execution by him of the note and chattel mortgage mentioned in the answer. They also deny in the same manner the allegations in the answer respecting default in payment of the note by Keough, and the taking by Defendant Caldwell, under direction of Cave and Dunwell, of the property in question, and also expressly deny that the property and horses mentioned and described in the complaint, are or ever have been mentioned or described in said chattel mortgage, as alleged in Defendant's answer or otherwise, and aver that said Dunwell and Cave did not nor did either of them ever own or have possession of said horses. The reply then alleges the purchase of the horses by Plaintiffs of Kellogg, and want of knowledge of the mortgage, or the claim of Cave and Dunwell under the same to the property, and deny that the value of the property is over $300. There is no question of fraud in regard to the mortgage raised by the reply.

I have thus particularly stated the issues raised by the pleadings, for the reason that considerable proof appears to have

Eddy, Fenner & Co. v. Caldwell

been offered in regard to a point which does not seem to be properly in issue by the pleadings, or at least, immaterial, that of notice on the part of the Plaintiffs, of this mortgage, at the time they purchased the horses of Kellogg. And incidental to this point and involved in it, the further one, that the mortgage does not sufficiently describe the property, and should not have been admitted in evidence.

I think the objection, that the evidence is insufficient to sustain the verdict, is not well taken under the issues. The Defendant proved by Cave and Dunwell the execution of the note and mortgage, and the consideration therefor, to wit, that the same was a balance of the purchase money, on the sale of the horses, with other property, to Keough. It also appeared that the mortgage was duly filed in the office of the Register of Deeds of Ramsey county. It was also proved that these horses were a part of the property mortgaged, and that Defendant took them from the possession of the Plaintiffs under and by virtue of the power contained in the mortgage. On all these points the proof was clear and uncontradicted. The existence of these facts was put in issue by the reply, and in regard to the sufficiency of the evidence to establish them, there can be no question.

In regard to the question of notice, on the part of the Plaintiffs, I think there was some evidence proper for the consideration of the jury, that the Plaintiffs, or one of them, had notice of the mortgage. Cave swears that he had a conversation with Eddy after the sheriff had taken the horses, and after they were replevied. "He said he knew they were the same horses we had had in our stables, but he had heard the mortgage was released. Eddy had made application to purchase these horses of me. It was before the mortgage." It also appears that he asked Kellogg if there was a mortgage upon the horses. It also appeared that the horses were purchased by the Plaintiffs at considerable less than their true value. It is true that Eddy says he first heard of the mortgage after he purchased the horses. That the conversation he had with Cave was after the horses were taken. This, however, does not account for the statement in regard to the release of the mortgage, nor in regard to his knowledge that

Cave owned the horses. Nor upon cross examination does he deny that he made the statements which Cave testifies to. These were all circumstances which the jury might consider, and we think it could not properly be said there was no evidence on this point to support the verdict. *Woodbury vs. Larned*, 5 *Minn.*, 345.

There is another consideration which is not without weight in this connection. Every reasonable intendment must be made in support of the verdict. Where an objection is made in this Court, that the verdict is contrary to the evidence, the record should show that the whole evidence is before this Court. The record here does not show that this is the case, and the Court may well presume, if indeed it is not bound to do so, that there was evidence produced on the trial sufficient to sustain the verdict.

But there is another reason which renders this question of actual notice immaterial in the view which we take of the facts disclosed by the record in this case. The answer alleges that the mortgage was executed on the 14th day of August, 1857, and that the same was filed for record on said day in the office of the register of deeds of Ramsey county, in which the property was situated. This fact was proved in evidence, and there does not appear to be any conflict of testimony on that point. In *Lienau vs. Moran*, 5 *Minn.*, 482, we held in substance that the filing of a chattel mortgage under the old law, (*Comp. Stat.*, *p.* 348, *sec.* 3), was constructive notice to all parties of the mortgage. If that be true, the question of actual notice becomes immaterial. If the mortgage was in fact void for any reason, whether because the property in question was not covered by it, or because it was fraudulent, notice, either actual or constructive, could be of no consequence. As we hold the only objection raised by Plaintiffs to the instrument, that of defective description of the property, to be not well taken, it was properly received in evidence, and the Plaintiffs must be presumed to have had notice of its contents.

The second ground upon which the Plaintiffs move for a a new trial, was for errors in law occurring at the trial, and excepted to by the Plaintiff. The first objection which the

record discloses on the part of the Plaintiffs, was to the introduction in evidence by the Defendants of the chattel mortgage set up in the answer, upon the ground that it was incompetent and immaterial, because it does not purport to describe the property mentioned in the pleadings or to convey the same. The objection was properly overruled. The mortgage purports to convey ten horses in the possession of the party of the first part. It would be impossible to determine from an inspection of the mortgage itself, whether the property mentioned in the pleadings was the same as that included in the mortgage or not, however minute the description of the property in the mortgage might be, since there might be many other horses of the same description. In probably the great majority of cases, of mortgage of personal property, the description cannot be so exact and certain that a person could infallibly determine therefrom that the article in question was covered by the mortgage. Had the mortgage in this case described the property in the same language employed in the complaint, to wit, two long tailed grey horses, it would still have been necessary to introduce the mortgage in evidence, and prove *dehors* the instrument, that the horses taken by Defendant, were the same as those mentioned in the mortgage.

But again, there is no issue made in the pleadings that the mortgage described in the answer, is too indefinite and uncertain in the description of the property to constitute notice to the Plaintiffs, but the existence of the instrument itself is denied, and it is also denied that the horses mentioned in the complaint, were mentioned or described in the mortgage, and that Cave and Dunwell ever owned the horses. The material issues raised by the pleadings, were therefore, as to the existence of the mortgage, and whether these particular horses were covered by it, and whether they were ever owned by Cave and Dunwell. And the proof of the Plaintiffs was directed to these issues, together with that of actual notice. There was no pretence, either in pleadings or proof, that the description was defective or insufficient, but, on the contrary, the Plaintiffs claimed that they had never heard of any mortgage on this property, (although the mortgage was on file in

the office of the register of deeds.) In these circumstances, I do not see upon what ground the Plaintiffs can object to the insufficiency of the description of the property, except it be so defective as to render the instrument void, at least so far as this property, or the horses therein mentioned, are concerned. By their own admissions they have not been misled by the description, for they claim never to have seen it. If the mortgage had not mentioned any horses, it would of course have been improper to receive it in evidence, since it would have been impossible to have shown that it included the property in question. That the mortgage is not void as to the property in question for want of a sufficient description, see *Galen et. al. vs. Brown et. al.* 22 *N. Y.* 37; *Hilliard on Mort.*, 333, *and cases cited.* Although the description is not as definite and certain as it might have been made, yet under the pleadings, and under the objection here made, the mortgage was properly received in evidence. The objection could not be sustained, unless upon the ground, that the property must be so described that an inspection of the instrument must enable the Court to determine whether it is the same as that mentioned in the complaint.

The witness Cave testified that "the property I went with Caldwell to take, was a portion of the property described in the mortgage." This evidence was objected to by the Plaintiffs as incompetent, because it explains or contradicts the written instrument. The objection was overruled by the Court.

The propriety of this question is to some extent involved in, and considered in connection with the objection to the admission of the mortgage. It cannot certainly be said that the evidence contradicts the terms of the mortgage; nor, indeed, that it explains the same. The instrument itself is perfectly plain and needs no explanation. The evidence does not purport to give a more particular description of the property than is contained in the mortgage, but is the proof of an independent fact, which the instrument itself could not establish, however exact might be the description of the property. If the testimony could be excluded at all, it is not on the ground upon which objection was made.

These are all the exceptions which the record discloses on the part of the Plaintiffs at the trial of the cause.

We do not think the facts shown to this Court in regard to the newly discovered evidence are sufficient ground for granting a new trial. The affidavit of Eddy in regard to what Keough had sworn to on another trial with reference to the $700 note, is at second hand, and no reason given why the better evidence is not produced. The affidavit states that deponent " discovered said evidence casually by conversation with a party who had seen or heard taken a deposition of said Patrick Keough, in a case pending before a referee in this county, wherein he swore to the facts above set forth," &c. The name of the party is not given who made these statements to Plaintiff, nor that of the referee before whom the deposition was read. The affidavit of the party who gave the information, or that of the referee, or some person who had seen or heard the deposition read, would have been the better evidence, and should have been produced or accounted for. Or, better still, the deposition itself, which it is presumable from the facts stated, must have been on file with the papers in the case referred to, and could have been procured by the use of the proper means.

But in addition to this, the affidavits of John B. Brisbin and John M. Gilman explain the transaction referred to in the affidavit of Eddy, and show that it was expressly agreed between Keough and Cave and Dunwell that the latter should continue to hold the mortgage security for the new note taken. And even without such express agreement, as there had been default in the conditions of the mortgage, the mortgagees then held the absolute title of the property, which could not be divested even by a payment or tender of the money. (2 *Denio*, 170.) As there is no reason to suppose the verdict would be changed, by the proof of this newly discovered evidence, a new trial cannot be granted on this ground.

The order of the Court below, granting a new trial, is reversed.