WILLIAM SCULLY V. P. L. DODGE *et al.*

1. LANDLORD AND TENANT—*Rent*—*Power of Agent.* Where the only authority of an agent is to receive rents, to make and enforce collections and to sue when he thinks advisable, he does not have the power to bind his principal by taking the notes of a third person in payment of the rent of a tenant, and thereby releasing him from his indebtedness.

2. AGENCY—*Authority, Not Shown.* If an agent, who is authorized only to receive rents, has taken notes therefor and no showing is made whether they were taken as security or payment, the taking of the notes, with the knowledge of the principal, does not establish that the agent had authority to accept a note from another tenant in payment of rent, and thereby relieve him of all liability.

*Error from Marion District Court.*

ACTION to recover rent. Judgment for the defendant, at the March term, 1887. The plaintiff *Scully* brings the case here. The material facts are stated in the opinion.

*Keller & Dean,* for plaintiff in error.

*R. L. King,* for defendants in error.

Opinion by HOLT, C.: This action was brought by plaintiff in error against defendants for the rent of a farm; judgment was rendered in favor of defendants, and the plaintiff comes to this court. It appears from the record that in 1885 P. L. Dodge and wife, defendants, sold their farm to plaintiff and became his tenants for five years on the farm they had sold; but it was understood at the time of the sale and the execution of the lease, if either party at any time could find another tenant, the lease should be assigned, and such person take their place on the farm as tenant. About a year after, the lease was assigned to Arthur Smith, who occupied the premises after the first year, and the Dodges moved off. The plaintiff is an alien, and has large landed interests in this country. His general agent is C. W. Koehnle, of Lincoln, Illinois; his local agent for his lands in Marion and Dickin-

son counties is F. W. Fox, of Marion, Kansas. Fox's agency is a limited one, and is in writing, which was offered in evidence as the only written instructions he had received from his landlord, to wit:

"I authorize F. W. Fox, of Marion, Marion county, Kansas, to receive all my rents, and to make and enforce all collections for me in Marion and Dickinson counties, and to sue for the same whenever he himself shall think it advisable to do so; and to take such other proceedings for the recovery of the same as he may be advised to do by Mr. C. W. Koehnle, of Lincoln, Illinois, or other of my duly-appointed agents in the United States."

He received no instructions from Mr. Koehnle or other agents of the plaintiff. Shortly after the lease was assigned to Smith, Dodge sold part of the corn and hay to Smith, who gave him a note for $150, the amount of the rent of the place for one year, and another note for $30, supposed to be the amount of the taxes on the place for the same time, as it was stipulated in the lease that the taxes were to be paid by the tenant. These notes were made payable to P. L. Dodge, and were left with F. W. Fox, but were not indorsed. There is a conflict of testimony, whether they were left as payment for Dodge's rent, or whether they were left as collateral security for such rent. Upon conflicting evidence the jury returned a verdict for defendants, and thereby found that they were received by Fox in payment of rent. Such finding is conclusive here.

The plaintiff now claims that Fox did not have authority to receive these notes as payment of rent; that he could only receive such payment in cash, and that he was precluded from taking the notes. We think the contention of the plaintiff in this matter is correct. Under the power given Fox as the agent of plaintiff he could only receive rents, make and enforce collections, and bring suits. Where a principal gives the naked authority, without amplification, to his agent to receive and collect rents, the agent can only take cash in payment; he cannot take notes in payment therefor. This rule

is so well fortified that it cannot be seriously questioned. (*Mathews v. Hamilton*, 23 Ill. 472; *Graydon v. Patterson*, 13 Iowa, 256; *Hall v. Storrs*, 7 Wis. 253; *Taylor v. Robinson*, 14 Cal. 396; *Broughton v. Silloway*, 114 Mass. 71; *Woodbury v. Larned*, 5 Minn. 339; 2 Benjamin on Sales, § 955, *et seq.*)

The defendants claim, however, that the acts of Fox generally as agent of the lands of plaintiff, in leasing them and collecting and receiving rents, enlarged his powers beyond his written authority, and also that this transaction itself was ratified by plaintiff. After a careful reading of the record we are constrained to believe the testimony is not sufficient to sustain the contention of the defendants. Fox gave the only evidence on this subject; he said he seldom took notes, but had done so in some cases, and Mr. Scully did not object to it; but there is no testimony that he took them in payment of rent, much less that he took the notes of others in payment of a tenant's rent. Simply taking notes as security only, and taking notes of another in payment of a tenant's rent, thereby relieving the tenant, are two distinct and dissimilar acts, and proof of the principal's consent to the one would not establish his implied consent to the other.

The further claim that plaintiff ratified the act of Mr. Fox in regard to the renting of the place, is also untenable. There is no offer to establish the fact that plaintiff knew of the transactions between Fox, Smith, and Dodge; if he had known them, however, and did ratify the substitution of Smith as his tenant in place of Dodge, that would not in any way affect the liability of Dodge for the rent of the place for the first year; the question of rent for the first year is not connected with the assignment of the lease. To be sure, the landlord took Smith for the payment of the rent for the remaining portion of the time of the lease; but there could be no inference fairly drawn from the assignment that Smith should be held for the payment of the first year under the lease, and the giving of the notes from Smith to Dodge was not a part of the transaction assigning the lease from Dodge to Smith. We

therefore feel constrained to recommend that the judgment be reversed, and the cause remanded for new trial.

·By the Court: It is so ordered.

All the Justices concurring.