DEATHERAGE & EWART v. ELI HENDERSON.

1. FINDINGS, *Conflicting — Erroneous Judgment.* A judgment rendered upon the special findings of a jury, which are inconsistent and conflicting, and against the great preponderance of the evidence, is erroneous.

2. LIEN *of Sub-Contractor — No Waiver.* The mere fact that lumber used in a building is furnished to the contractor on his credit, is not a waiver or an extinguishment of the sub-contractor's lien therefor.

3. STATEMENT *for Lien — Notice to Owner of Premises — Reasonable Time.* Under § 631 of the civil code, in force in 1885, the sub-contractor had a reasonable time, after the filing of his statement for a mechanics' lien, within which to furnish a copy thereof to the owner or agent of the premises, and such copy need not necessarily have been furnished within sixty days after the completion of the building, but

the sub-contractor must have exercised diligence, after filing his statement, in serving a copy thereof on the owner or agent. What would be a reasonable time for the service of the notice, must be determined by the court or jury trying the case, considering all of the attending circumstances.

4. AGENT — *Authority Exceeded.* Where an agent is authorized by his principal to collect an account, he has no authority to accept in payment an old claim due from himself to the debtor.

*Error from Wabaunsee District Court.*

ON the 26th day of August, 1885, Charles P. Deatherage and William I. Ewart, under the firm-name of Deatherage & Ewart, commenced their action against Eli Henderson *et al.,* upon an account for lumber and building materials, and also to enforce their alleged lien. On December 16, 1885, a trial was had by the court, and judgment given in favor of Henderson, denying plaintiffs' lien. This judgment was reversed at the July term of this court for 1887, and the cause remanded for a new trial. (37 Kas. 63.) The new trial was had on October 22, 1887. The jury returned the following special findings of fact:

"1. Was the lumber, for which plaintiffs claim a lien, sold by them on the general credit of George A. Woods alone, without intending to obtain any security by virtue of a mechanics' lien, if their claim should not be paid by Woods? A. Yes.

"2. Was George A. Woods the agent of plaintiffs for the purpose of collecting the amount due for the lumber? A. Yes."

The court made and filed the following findings of fact:

"1. In the month of March, 1885, defendant George A. Woods agreed with defendant Eli Henderson to furnish him certain lumber to be used by Henderson in the erection of a building on lots owned by Henderson in Harveyville, Kansas.

"2. Said Woods purchased said lumber, which he had agreed to furnish to Henderson, from the plaintiffs, at Kansas City, Mo., and said lumber was shipped by plaintiffs to said Woods on a car with other lumber, but in a separate lot, marked 'E. H.;' and that plaintiffs were general lumber merchants at Kansas City, Mo.

"3. The value of said lumber, so sold by plaintiffs to said Woods, was at the time of shipment, April, 1885, $144.91; and the same has not been paid to plaintiffs by said Woods, or any other person.

"4. Said Henderson took said lumber from the car on which it was shipped, at Harveyville, Kansas, on the 10th day of April, 1885, and afterward used all of it in the erection of a building on lots 7 and 8, in block 5, in Harveyville, Kansas, the same being the building he was intending to erect for which said Woods agreed to furnish the lumber.

"5. Said building was completed on the 16th day of May, 1885.

"6. Henderson paid Woods in full for said lumber at the time he received it, to wit, April 10, 1885, by giving Woods credit for the amount of the bill on an account owing by Woods to him, commencing in December, 1883.

"7. On the 14th day of July, 1885, plaintiffs filed in the office of the clerk of the district court of Wabaunsee county a statement for a sub-contractor's lien, according to law, against said Henderson and said building and lots on which it was erected.

"8. On the 25th day of July, 1885, plaintiffs caused to be delivered to Henderson, personally, a copy of said statement for a sub-contractor's lien.

"9. When Woods agreed to furnish said lumber to Henderson he knew that Woods would procure same from some other person and place, and that when plaintiffs sold said lumber to Woods they knew and understood that it was being procured by Woods to be used by some other person in the erection of a building in or near Harveyville, Kansas.

"10. At the time of the purchase of said lumber from George A. Woods, Henderson did not know where the lumber was to be procured by Woods, nor from whom."

Subsequently, the court made and filed the following conclusions of law:

"1. Plaintiffs are entitled to recover from George A. Woods the sum of $144.91, with interest thereon from the 20th day of March, 1885.

"2. Plaintiffs are not entitled to a lien upon the real estate described in the petition and the building erected thereon by Henderson."

Judgment was entered upon the conclusions of law in favor

of Henderson, and against the plaintiffs, again denying plaintiffs' claim for any lien. The plaintiffs excepted, and bring the case here.

*Botsford & Williams*, for plaintiffs in error.

*Hazen & Isenhart*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the court below by Deatherage & Ewart, to recover $144.91 for lumber, and to enforce a sub-contractor's lien for the same. They claim that George A. Woods was the contractor, and Eli Henderson the owner of the building and premises. The lumber was purchased in April, 1885, and used by Henderson in the erection of a building on lots 7 and 8, in block 5, in Harveyville, in this state. The building was completed on the 16th day of May, 1885. A statement for a sub-contractor's lien was filed on the 14th day of July, 1885. A copy of the statement was furnished to Henderson, the owner of the premises, on the 25th of July, 1885. In determining whether Deatherage & Ewart are entitled to a lien, the provisions of the civil code relating to liens of mechanics and others, in force in 1885, control. (Comp. Laws of 1885, art. 27, p. 685.) The trial court rendered judgment against George A. Woods for the sum of $144.91, with interest, but decided that the plaintiffs were not entitled to a lien upon the building and premises owned by Henderson.

This case has been to this court before, and is reported in 37 Kas. 63. The only question involved upon the former hearing was, whether the plaintiffs' statement for a mechanics' lien was sufficient. This court held the statement sufficient, and therefore ordered a new trial. Upon the second trial the following questions were submitted to the jury :

"1. Was the lumber, for which plaintiffs claim a lien, sold by them on the general credit of George A. Woods alone, without intending to obtain any security by virtue of a mechanics' lien, if their claim should not be paid by Woods? A. Yes.

"2. Was George A. Woods the agent of plaintiffs for the purpose of collecting the amount due for the lumber? A. Yes."

It is clearly apparent that the trial court decided against the lien of plaintiffs on account of these findings. But for the findings of the jury, a judgment enforcing the lien of plaintiffs should have been entered upon the findings of fact of the trial judge. The findings, however, of the jury, do not justify any judgment. They are conflicting with each other, and the evidence to sustain them is wholly unsatisfactory. Ewart, one of the plaintiffs, testified that in making all sales, both in Missouri and in Kansas, on bills of this kind, his firm did so with the knowledge that they had the right to a mechanics' lien, provided the parties were not good.

Where materials are furnished and placed in a building, if there be nothing showing a different intention, a jury would be warranted in finding that they were furnished to be used in such building. So if it appear that materials furnished were used in the erection of the building on which a lien is claimed, unless it is shown that they were intended for another purpose, it will be presumed that they had been contracted for to be used in the building. (*Power v. McCord*, 36 Ill. 214; *Martin v. Eversal*, 36 id. 222.) Under the statute, the mere fact that the materials were furnished on the credit of Woods, would not be an extinguishment or waiver of the plaintiffs' lien. (*Sodini v. Winter*, 32 Md. 130.) But it was decided by this court in *Weaver v. Sells*, 10 Kas. 609, that if a material-man furnished lumber to a person with the understanding that it should be sold again as merchandise, if he should furnish it upon the personal credit of the vendee alone, without intending or expecting to obtain any security by virtue of a mechanics' lien, it would hardly be claimed that a mechanics' lien would be created, even though the vendee might afterward use the lumber in erecting a building. The right to the lien must be created at the time or before the material is furnished; it cannot be created afterward. It is the furnishing of the material under

2. Lien of sub-
contractor—
no waiver.

a contract, with the intention and understanding that it shall be used in erecting the building, that creates the lien. If the plaintiffs furnished the lumber exclusively on the credit of Woods, and without intending to have any lien, then of course Woods was not their agent in selling the lumber to Henderson, nor could he be their agent for the purpose of collecting from Henderson the amount due plaintiffs for the lumber. In view of the conflicting findings, all that we can do is to reverse the judgment and order a new trial. (Civil Code, § 559.)

1. Findings, conflicting— erroneous judgment.

Counsel for the defendant claim that as the copy of the lien was not served until after the expiration of sixty days from the completion of the building, plaintiffs have no lien. They say:

"That the lien must not only be filed within the sixty days, but the copy of the lien must be served within the sixty days; that all things necessary to be done to perfect the lien must be done within the sixty days; that the serving of the copy of the lien is as imperative as the filing; that under the mechanics'-lien law, the party claiming the lien must show he has complied with all the requirements of the statute and within the time fixed; that at the end of sixty days his lien must be completed in all respects, for after that time he can do nothing to perfect his lien; in other words, that the validity of the lien must be determined at the end of the sixty days, and if anything is left undone at that time, then no valid lien exists."

We do not concur in these views. Section 631, art. 27, Comp. Laws of 1885, reads:

"Any person who shall furnish any such material or perform such labor under a sub-contract with the contractor, wishing to avail himself of the act, shall file a statement of the amount due him from such contractor, for the labor performed, or the material, fixtures or machinery furnished, and a description of the property upon [to] which the same were done [applied] within sixty days after the completion of the buildings, improvements or repairs, or the furnishing or putting up of fixtures or machinery, or the performing of such labor, in a book kept by the clerk of the district court for that purpose, and furnish a copy thereof to the owner or

agent of the premises, which book shall be ruled off into separate columns with heads as follows: When filed, name of contractor, name of claimant, amount named, and description of property; and the proper entry shall be made under each of such heads, and the district clerk shall be entitled to a fee of twenty-five cents for making such entries; and if the contractor does not pay such person or sub-contractor for the same, such sub-contractor or person shall have a lien for the amount due, for such labor or material, on such lot or lots, from the same time, and to the same extent, and in the same manner and to the same extent as such original contractor."

Statutes relating to liens for mechanics and material-men should be liberally construed so as to protect, as far as possible, within the terms of the statute, the rights and equities of such persons. If the construction be given as contended for, in many cases the liens of mechanics and material-men could not be perfected. The statute in force in 1885 gave a sub-contractor, furnishing material or performing labor, sixty days after the completion of the building to file his statement for a lien. If such a contractor had all of the sixty days within which to file his statement, it would have been impossible for him, in many cases, to furnish a copy thereof to the owner or agent of the premises, within the sixty days, if his statement was not filed until the last day. A more reasonable construction of the statute would be, to give the sub-contractor a reasonable time, after filing his lien, to furnish a copy thereof to the owner or agent of the premises. What would be a reasonable time, must be determined by the court or jury trying the case under the attending circumstances. But the sub-contractor must be diligent in serving his notice after filing his lien. Sections 630, 631, 633 and 636 of the civil code, relating to mechanics' liens, in force in 1885, were repealed by chapter 168, Laws of 1889, and § 632 of the civil code as now in force gives express directions for the mode of the service of a sub-contractor's notice upon the owner of the premises. (Gen. Stat. of 1889, ¶ 4735.)

3. Notice to owner of premises— reasonable time.

One other matter deserves a word of comment. The court

committed error in permitting Henderson to prove that he
paid Woods for the lumber by giving credit on an old account
due from Woods to him.   If it were the intention of the
plaintiffs to sell their lumber to Woods upon his personal
credit exclusively, and without any lien, then this evidence
had nothing to do with the case.   If the plaintiffs have, un-
der the statute, a lien for their material, them
Henderson had no power to satisfy their claim by
giving Woods credit on an old account due from
him, even if Woods was the agent of plaintiffs for the pur-
pose of collecting their bill for the lumber. (*Scully v. Dodge,*
40 Kas. 395; *Organ Co. v. Lasley,* 40 id. 521.)

4. Agent—au-
thority ex-
ceeded.

The judgment of the court below will be reversed, and the
cause remanded for a new trial.

All the Justices concurring.