## J. P. BROWN, *et al.*, *v.* E. C. HOLMES.

1. REPLEVIN; *When Action Accrues; Demand and Refusal.* The gist of
   the action of replevin under our code is the wrongful detention, and this
   relates to the time of the commencement of the action. Where demand
   and refusal are necessary to make the detention by the defendant wrong-
   ful, such demand and refusal must be prior to the commencement of the
   action, and evidence of a subsequent demand is properly rejected.

2. CHATTEL MORTGAGE; *Description of Mortgaged Property.* A chattel
   mortgage in which the description of the property mortgaged is as fol-
   lows: "23 head of beeves, four-year-old Texas cattle; 572 three-year-old
   Texas cattle; 29 two-year-old Texas cattle — said goods and chattels
   now being in the possession of the said party of the first part, in Morris
   county, Kansas," is not void for uncertainty.

3. TRIAL; *Order of Evidence; Saving Questions.* In the trial of an action
   of replevin, proof of the title of the plaintiff naturally precedes proof
   of a wrongful detention by the defendant; and where the evidence of
   plaintiff's title is ruled out, it is unnecessary for him, in order to pre-
   serve that question for review in this court, to offer evidence of a demand
   and refusal, or of any other facts going to show a wrongful detention by
   the defendant.

4. PRACTICE; *Order of Proceeding; Presumption.* Where testimony which
   in the natural and logical order of a trial ought to be the first presented,
   is offered and rejected, it will be presumed that it was so rejected because
   of some supposed intrinsic defect therein, and not by virtue of the court's
   control over the order in which evidence shall be introduced.

5. ——— Where plaintiff in a replevin action offered evidence of a de-
   mand and refusal made subsequently to the commencement of the action,
   which was properly rejected, and then offered evidences of his title to the
   property which were competent and sufficient therefor, but which were
   also rejected, the error in rejecting these evidences will not be adjudged
   immaterial because of a failure to offer evidence of a demand and refusal
   prior to the commencement of the action.

### *Error from Chase District Court.*

REPLEVIN, brought by *Brown* and another to recover the
possession of ninety-two head of cattle. Plaintiffs claimed
the cattle under a chattel mortgage given to them by F. Led-
rick, dated October 31, 1871, duly executed and registered
in Morris county, where the cattle then were. These cattle
were part of 624 head mortgaged to plaintiffs to secure Led-

rick's note of that date for $6,142.90, due sixty days after date. The action was commenced in May, 1872, against *Holmes*, then in possession of the cattle in Chase county, who retained them upon a redelivery bond. Defendant, who was in default for want of an answer, applied to the court at the September Term 1872 for leave to answer, whereupon, "said motion being considered by the court, leave was given the defendant to file an answer *instanter*, and the cause to stand for trial at this term of court." To this order plaintiffs excepted. The answer was filed, and contained, first, a general denial; second, an allegation that the property had been taken from defendant's possession since the commencement of the action upon an execution against Ledrick, the mortgagor. Trial at the September Term 1873. Plaintiffs offered in evidence the chattel mortgage from Ledrick to themselves, which, on defendant's objection, the court refused to receive. Other facts and proceedings are stated in the opinion. The district court rendered judgment in favor of defendant and against plaintiffs for costs, and plaintiffs bring the case here for review.

*E. S. Waterbury*, for plaintiffs:

1. Defendant's objection to the introduction of the mortgage was, "that said mortgage is so general in its terms, and uncertain in the description of the property mentioned therein, as to be void for uncertainty, immaterial, irrelevant and incompetent." The triple climax which closes the objection doubtless refers to the *uncertainty* in the description of the property; for that the mortgage was *incompetent* on other grounds, does not clearly appear; and that it was *irrelevant*, can hardly be claimed after defendant's admission that he got the cattle from Ledrick, and had no doubt they belonged to plaintiffs under their mortgage. Besides, that the mortgage and petition are consistent in the description of the property, and the identity of the cattle in question with those in the mortgage, could be shown by parol. (7 Ohio St., 194; 12 Metc., 333.) But we understand the only question raised by the objection is, whether the mortgage is "void for uncer-

tainty," "fatally defective" in the description of the property, and obnoxious to the rule in *Golden v. Cockrill,* 1 Kas., 259. The hint directing attention to some source of information beyond the words of the parties, and enabling third parties to identify the property, aided by inquiries, which the mortgage indicates, is found in the last clause of the description—"said goods and chattels now being in possession of the said party of the first part (Ledrick,) in Morris county." (1 Kas., 259; 7 Ohio St., 194; 28 N. Y., 360; 19 N. Y., 123.) But however defective the description, the defendant was not thereby prejudiced. He himself identifies the property. He has both actual and constructive notice of the mortgage, and has no doubt of its binding force. Neither is he a third person, or innocent purchaser, to complain of these defects, but the agent of Ledrick. If the mortgage was good against Ledrick, it was good against his herder or agister.

But it is urged by defendant that the error in excluding the mortgage is immaterial because plaintiff could not recover without proof of a demand before suit commenced, and that we have failed in this. We answer that the record does not profess to show all the evidence offered; nor can it therefrom be inferred that other evidence of a demand and tender was not or could not be offered to support our case beyond what the record shows. Why not as well urge that the record shows no proof of the value of the cattle, or that they were not taken on execution, etc.? Indeed, if we had offered the mortgage alone, and that being erroneously refused, our basis of title rejected, and nothing before the court with which to connect other evidence, we might have appealed directly to this court upon that error, leaving the proof of other material facts to be offered upon that trial after the validity of our title had been established.

2. The petition and affidavit were filed May 15th, 1872, and the property was taken under the writ the following morning. Witness Munkers went, as agent of plaintiffs, to demand the cattle from the defendant, and pay or tender his

charges for wintering them, and met and conversed with defendant about the cattle on the same morning, but before the property was taken, or any papers served on Holmes. The sheriff was with Munkers, and had the summons and writ of replevin to serve in case Holmes would not give up the property voluntarily. In that connection Holmes said "he had no doubt the cattle belonged to J. P. Brown & Co. under their mortgage; that he himself had no claim upon them, except for wintering them, but that other parties claimed to have a bill of sale of the cattle from Ledrick, and they had ordered him not to turn them over to Brown & Co." Having shown the foregoing facts upon the trial, the plaintiffs offered to prove that Munkers then demanded the cattle from Holmes as agent for plaintiffs and tendered his charges for wintering them, but the court refused the evidence upon the defendant's objection that it was immaterial, and that the demand and tender should have been made before the filing of the petition as well as before service of summons. This was the middle of May; winter was over; Holmes was still keeping the cattle. Why? Was it to secure his pay for wintering? We would have shown that we offered to pay him, and still he refused to deliver them over. And thus we would have shown in connection with his other admissions that his possession of the cattle was that of an agent of those who claimed the cattle in defiance of our title, and that such possession was wrongful against us. Now we ask, cannot the admission by the defendant of a material fact be received, though made after the petition is filed? and would not this admission show the character of the defendant's possession generally, as well before as after the filing of the petition?

Was a demand necessary? The mortgage recites that the cattle were in Ledrick's possession at the date of the mortgage. The date of the mortgage is Oct. 31st, and of the registering, Nov. 1st. The defendant "took the cattle of Ledrick to winter them," *afterward*, of course. The defendant was no more entitled to a demand than Ledrick would have been

had he retained the property. "The mortgagee of personal property shall have the legal title thereto, and the right of possession." (Gen. Stat., p. 585, §15.) He is like one who buys and pays for an article which is to be delivered on payment. It is sufficient if he be ready to receive, and payment and delivery are immediate and concurrent acts. (2 Kent Com., 476, 497; 1 Pars. Contr., 571, note *u*.) The language of the statute is not that the mortgagee shall have the right to demand possession, nor that he shall have the right of possession after demand; but his right of possession is complete under the mortgage. If the defendant had the right to retain the cattle until they were demanded, then both plaintiff and defendant had a complete right of possession at the same time, which is absurd. If the plaintiff has a complete and perfect right of possession, but the defendant has the possession, then we insist that the defendant's possession cannot be rightful. We prove the wrongful detention by the defendant when we show he withholds what belongs to us, namely, possession. Had we consented to the defendant's holding the property, the inference of wrong would have been repelled, but the record does not warrant that assumption. Whatever may have been the rights of Ledrick, while uninterruptedly and by sufferance of plaintiffs he retained the property, the case changes when he sends them out of the county to be kept and held for keeping by a stranger. He had no right to pledge the property to our prejudice, nor to put them out of his hands.

But we submit that the evidence was admissible even to prove a conversion, as in a case of rightful possession, since it was made before service of process, or any interference with the property by the officer, and while such service might be withheld, and the case dismissed by order of the plaintiff if the defendant should comply with the demand. Suppose you suddenly learn that the custodian of your property, living at a distance, is about to wrongfully dispose of it: shall you consume the time necessary to go and make a formal demand, and thus enable him to accomplish his purpose, or

assume, on the other hand, the hazard of proving an overt act of conversion? The danger in such cases often requires the promptest action. If it · be objected that the plaintiff could not truthfully make the required affidavit till after the demand and refusal, we reply that the refusal is but the expression of a purpose that may have been formed long before; that the defendant may be a wrongdoer before he declares it. We understand the question to be an open one so far as this court is concerned, and the view here intimated is not inconsistent with *Arthur v. Wallace,* 8 Kas., 267.

3. There was error in permitting defendant to file his answer out of time. The petition was filed May 15th, 1872. The order of delivery was issued at the commencement of the suit, and made returnable May 25th. The summons was returnable on the same date with the order of delivery. But defendant appeared in the action by filing a motion on the 16th of May, and filed an answer July 8th, which answer was stricken from the files as being too late. On the 11th of September, there were filed affidavits in support of a motion for leave to answer, and on the same day defendant's motion for leave to answer was sustained. Plaintiffs had previously asked judgment for default of answer, which the court refused. The second answer was filed on the 11th of Sept. The record shows the answer to have been filed out of time, and the question is upon the sufficiency of the showing in the affidavits to warrant the court in permitting the answer to be so filed. Our objection to the affidavits is chiefly that they fail to show that Holmes had any valid defense to set up. The affidavits state that he has "a defense," which is but an opinion derived from facts which are not shown, and are unknown to the court. The affidavits prove nothing beyond the negligence of the defendant's attorneys. The statute governing is §106 of the. code, that "the court may in his discretion," etc. If this means, not an arbitrary, but a sound judicial discretion, exercised upon a fair showing of the propriety of the act, we submit that no force was given to this qualification in the statute.

*R. M. Ruggles,* for defendant in error:

1. The first error alleged is, as to the leave given defendant to file an answer. The action of the court was of course based on the right given by § 106 of the code. And by this section there is especially given to the court, in all cases, the right to do just what the court did do in this case. The whole matter, by the very language of this section, is entirely confided to the discretion of the court. This court has often decided that when a statute leaves a matter to the discretion of a court, this court will not review an exercise of such discretion by the court below, unless such discretion is greatly abused. (See 5 Kas., 392, 398.)

2. The next alleged error is the rejection of certain evidence offered by plaintiffs. The first evidence offered by plaintiffs and rejected by the court, to which the plaintiffs excepted, was the question asked of plaintiffs' only witness, Munkers. The question was as follows:

"State whether, as the agent of plaintiffs you demanded the cattle in question from the defendant."

This question was objected to by defendant on the ground that to be material it should be shown to have been made *before* the commencement of the action. To a correct appreciation of this question, we must go back a little. The only witness called by the plaintiffs, Munkers, gave the following testimony immediately preceding the question asked him, above quoted:

"I know the plaintiffs, J. P. Brown and W. C. Kinsolving; they are partners doing business as J. P. Brown & Co. I know the defendant, E. C. Holmes. I went to the defendant Holmes on the 16th of May, last, with written authority of the plaintiffs to demand from defendant the cattle in question, and pay or tender to him his charges for wintering the cattle through last winter. Met the defendant on that day nine miles west from Cottonwood Falls in Chase county, and had a conversation with him about the cattle. He said that he took the cattle from F. Ledrick to winter them; that he had no doubt they belonged to J. P. Brown & Co., under their mortgage, and that he had no claim on the cattle except for

the wintering of them; that there were other parties claimed to have a bill of sale of the cattle from Ledrick, and that they had ordered him not to turn them over to J. P. Brown & Co. This was on the same day or on the next day after the suit was commenced; that is, the petition had been filed, but no papers served. The sheriff was with me, and had the summons and writ of replevin to serve in case Holmes would not give up the property voluntarily."

Then comes this question: "State whether as the agent of the plaintiffs you demanded the cattle in question from defendant." Now, we contend that there can be no dispute but that this question was put by plaintiff to show a demand made *after* the commencement of the action. For the witness had already testified that he went to defendant to make this demand on the 16th of May, the same day or the day *after* the action was commenced, and from the record we find that the petition was filed on the 15th of May, and the summons and writ of replevin were issued on the 15th of May. Therefore, by § 57 of the code the plaintiffs had commenced this action on the 15th of May. And by the testimony of this witness we find that the day after the commencement of this suit he went to make the demand. Now, we submit that if it was material for the plaintiffs, in order to make out their case, to show a demand at all, (and if it was not, plaintiffs were not prejudiced by the refusal of the court to permit the question to be asked,) they must have shown such a demand before the commencement of the action.

Of course the necessity of showing a demand at all could only arise in case the defendant had a rightful possession of the property until such a demand was made. Now, we say that the testimony of plaintiffs' own witness disclosed the fact that defendant had a rightful possession of the cattle. He had received them from F. Ledrick, (the owner at the time, so far as the record discloses,) to winter. He had kept them during the winter and had a lien upon them for his charges for so keeping them. Now, we submit that the defendant could not wrongfully detain the possession of these cattle from the plaintiffs or any one else until his charges had first been

paid, and a demand made of him for them. And therefore, until there ·had first been a tender of these charges, and a demand made by the party entitled to the possession, he could not have wrongfully detained the possession, and the wrongful detention must exist at the time of the commencement of the action; for if it does not exist at the time of the commencement of the action how can the plaintiff make the affidavit required by § 177 of the code, and which was made in this case?

3. The next alleged error is the refusal of the court to receive in evidence a certain chattel mortgage. We have three reasons to give, each showing conclusively that there was no error in the refusal of the court below to receive this chattel mortgage in evidence: The first is, that there is nothing in the record to show how, in the remotest way possible, the introduction of this chattel mortgage as evidence was material to any of the issues framed in the case. The only way we think it could possibly have been material, was as evidence of the title of the plaintiffs to the property in question; but as the record does not show that it was offered for that purpose, it is going outside the record to raise even this presumption. Second; but to give the plaintiff the benefit of this presumption, what did it or could it have availed him to prove his title to the property in question, and his right of possession to it in order to maintain his action, without proving the wrongful detention of that property by the defendant? He must, in order to sustain his action, plead and prove this wrongful detention by defendant. (9 Kas., 190, 191.) And as the record nowhere shows that he proved a wrongful detention of the property by defendant, it could be no error that prejudiced him in the least for the court to refuse to permit him to prove his right of possession and title; as that, without proving the wrongful detention by defendant, would have given him no right to a judgment in the action, and therefore he could not have been prejudiced by the action of the court. Third ; as against a third party, at least, this mortgage was absolutely void by reason of the uncertainty

of the description of the property sought to be conveyed by it. This court laid down the correct rule in the case of *Golden v. Cockrill*, 1 Kas., 259, in declaring void a chattel mortgage, when the description in that chattel mortgage was full as definite and certain as the description in this chattel mortgage under consideration; and unless this court now overrules its former decision, it must declare this mortgage void for the uncertainty of its description. And see 67 N. C., 40; 30 Ind., 9; 16 Pick., 33; 8 Mich., 143.

The opinion of the court was delivered by

BREWER, J.: This was an action of replevin in the district court of Chase county, brought by plaintiffs in error to recover the possession of certain Texas cattle claimed by them by virtue of a chattel mortgage given by one Ledrick, the owner. The defendant asserted no title, but simply claimed a lien for wintering the cattle. Three errors are alleged.

Plaintiffs sought to prove a demand for the possession, and a tender of the charges for keeping the cattle, made after the commencement of the action, but the court ruled out the testimony. We see no error in this. Under our code the gist of the action of replevin is the wrongful detention, and this relates to the time of the commencement of the action. *Town of Leroy v. McConnell*, 8 Kas., 273, 276; *Wilson v. Fuller*, 9 Kas., 176. If demand and refusal were necessary to make the detention by the defendant wrongful, they had that effect only from the time they were made; and if defendant's possession was rightful at the time of the commencement of the suit, the action failed, and could not be upheld by proof that this rightful possession was changed into a wrongful one by a subsequent demand and refusal. Such testimony would therefore be improper. On the other hand, if the defendant's possession was wrongful, a subsequent demand and refusal were unnecessary, and the testimony was immaterial. In either case there would be no error in ruling it out. We may say, in passing, that from the facts as disclosed in the record we think the defendant's

possession was rightful. He had a lien for the wintering of the cattle, and was entitled to the possession until his charges therefor were paid. This lien was paramount to the rights of the chattel mortgagee, as well as those of the mortgagor; nor would the fact that the mortgagor had, as is claimed, been guilty of a breach of duty toward the mortgagee in removing the cattle from the county in which the mortgage was given and filed, into another, affect the validity of this lien.

Plaintiffs offered their mortgage in evidence, but the court refused to receive it. It is insisted that this "mortgage is so general in its terms, and uncertain in the description of the property mentioned therein, as to be void for uncertainty." The description is as follows: "23 head of beeves, four-year-old Texas cattle; 572 three-year-old Texas cattle; 29 two-year-old Texas cattle, * * * said goods and chattels now being in possession of the said party of the first part (Ledrick) in Morris county, Kansas." We think this sufficient, within the rule laid down in *Golden v. Cockrill*, 1 Kas., 259. In that case the language of Mr. Justice Swan, in *Lawrence v. Coates*, 7 Ohio St., 194, is quoted approvingly where he says, "the principle to be deduced from these cases is, that any description which will enable third persons to identify the property, aided by inquiries which the mortgage itself indicates and directs, is sufficient." And among the descriptions which seem to have met the approval of the court are these: "All the mules the mortgagor had in the territory of Kansas, or the same then in the care of H. C. Branch in Leavenworth county, Kansas." The similarity between the last description and that in the present case seem to render unnecessary any further discussion of these questions.

But counsel insist, "that there is nothing in the record to show how in the remotest way possible, the introduction of this chattel mortgage as evidence was material to any of the issues framed in the case." We think counsel are mistaken in this. True, the pleadings do not disclose how plaintiffs

*2. Chattel mortgage; description of property.*

obtained their title, but the affidavit filed for the writ alleges that they claimed the cattle by virtue of this chattel mortgage; and so much of the testimony as is in the record shows that defendant knew of the existence of this chattel mortgage, and had himself received from the mortgagor the cattle to winter. Again, counsel contend that proof of title in the plaintiffs would avail nothing without proof of "the wrongful detention of the property by the defendant," and as no proof of the wrongful detention was made the error was immaterial. If it appeared affirmatively that there was no wrongful detention by the defendant, it might properly be held that any error in rejecting proof of title was immaterial. But in the trial, proof of title logically precedes proof of wrongful detention; and if, when offered, the evidences of title are rejected, it is unnecessary for the plaintiffs to proceed further and attempt to show a wrongful detention, for if the plaintiff has no claim to the property it matters not whether the defendant or some one else has. We are aware that the trial court has considerable discretion in deciding upon the order in which evidence shall be introduced on a trial, and may in some cases properly refuse to let certain evidence in, until other testimony has been offered. In every such case however the reason for the decision should be given, or the dependence of the testimony rejected upon that not offered be apparent. When testimony, which in the natural order of things ought to be first presented, is rejected, it will be presumed that it was so rejected because of some supposed intrinsic defect therein. In this case no objection was made upon the ground that other testimony ought first to be offered. It was, that the mortgage was void for uncertainty, was immaterial, irrelevant, and incompetent. This was the objection that was sustained. True, the plaintiffs first attempted to prove demand and refusal, and failed, and then offered this mortgage; but it did not follow that because they had failed to prove a demand at one time they could not prove one at another, and were not prepared to do so as soon as they had established title in themselves. We think there-

3. Trial; order of evidence.

4. Order of proceeding; presumption.

fore that the court erred in ruling out this mortgage, and that the error was material. For this error the judgment must be reversed, and the cause remanded for new trial.

It does not seem to us that the record discloses any abuse of discretion in permitting the defendant to file his answer out of time. *Spratly v. Putnam Fire Ins. Co.*, 5 Kas., 155.

All the Justices concurring.