JOHN B. SHAFFER AND EDWARD H. BECKER V. WILLIAM O. PICKRELL.

CHATTEL MORTGAGE; *Description of Property.* A chattel mortgage, in which the description of the property mortgaged is as follows: "Two hundred and fifty stock-hogs, owned by the said D. B. Mott, in Franklin county, Kansas," and which contains the provisions that, "until default be made, or until such time as the mortgagees shall deem themselves insecure, the mortgagor, said Mott, is to continue in the peaceable possession of all the property—all of which, in consideration thereof, he engages shall be kept in as good condition as the same now is, and taken care of at his proper cost and expense," is not void for uncertainty.

*Error from Franklin District Court.*

REPLEVIN brought by *Shaffer & Becker*, partners, as plaintiffs, to recover the possession of certain stock-hogs. The plaintiffs claimed they were the special owners of two hundred and fifty hogs, by virtue of a certain chattel mortgage executed to them by one D. B. Mott, on October 15th, 1877, and that the hogs sued for were included in said mortgage. *Pickrell*, as sheriff, held a writ of attachment against said Mott, at the suit of one E. V. Boissiere, and by virtue of such writ had levied on the hogs and taken them into his possession. The petition of plaintiffs was filed on January 18th, 1878. The case was tried by the court, September 17th, 1878, a jury having been waived. The findings of fact are as follows:

On the 16th day of October, 1877, the plaintiffs loaned to one D. B. Mott $300, and as evidence thereof, and to secure

the payment of said sum, and interest, said Mott then executed and delivered to the plaintiffs the note and chattel mortgage set out in the plaintiffs' petition; said chattel mortgage was duly filed and recorded in the office of the register of deeds of Franklin county, on the 16th of October, 1877. Shortly after the giving of said note and mortgage, said Mott absconded from the state of Kansas into Canada, where he has since remained. On the 12th of December, 1877, and after said Mott had so absconded, one E. V. Boissiere, to whom said Mott was indebted in the sum of $1,800, brought suit in this court against said Mott upon said demand, and in said action sued out an attachment directed to the sheriff of Franklin county, who is the defendant herein. That sheriff, on the 13th of December, 1877, levied the said attachment upon all the property mentioned in said chattel mortgage, including the hogs mentioned in plaintiffs' petition, and which hogs were the only hogs levied upon by virtue of said attachment. Said Mott, before leaving the state of Kansas, had sold and disposed of all other hogs owned by him at the time of the execution of said mortgage, and neither party to this action has ever realized any value from the hogs so disposed of by said Mott. After defendant had made the levy upon the hogs mentioned in plaintiffs' petition, but upon the same day and before he had removed the hogs from the farm on which the same were seized, defendant was informed that plaintiffs claimed to have a mortgage upon the property so levied upon, or part thereof; and thereupon defendant proceeded to the register's office of Franklin county, and actually there saw and read the plaintiffs' said mortgage aforesaid, and was thereafter on the same day informed by plaintiffs of said mortgage aforesaid, and was thereafter on the same day informed by plaintiffs that the hogs upon which the defendant had levied said attachment were a part of the hogs mentioned and described in said mortgage.

Defendant thereupon surrendered to the plaintiffs the mare and horse mentioned in said mortgage, which were duly sold by plaintiffs according to law, and the proceeds of such sale, amounting to $109.40, were by them applied in payment of said mortgage debt, the balance whereof at this day amounting to $194.60, with interest thereon at 12 per cent. per annum, from February 18, 1878; that plaintiffs demanded of defendant the hogs mentioned in the petition in this action, prior to commencing this action, and defendant refused to deliver the same upon said demand. No personal service

was made upon Mott in said attachment suit, but due service by publication was made therein after said seizure, and said action proceeded to judgment, which was duly rendered on the 8th day of February, 1878; and in and by said judgment, said hogs were ordered to be sold by said sheriff, and the avails of said sale applied to the satisfaction of the judgment so rendered. All the hogs seized by defendant were stock hogs, and owned by said Mott, in Franklin county, Kansas, at and before the date of plaintiffs' mortgage, and were intended to be covered by said mortgage.

After the seizure of said hogs by defendant, under said attachment, and after judgment in said attachment suit, the plaintiffs and defendant entered into the following stipulation:

(*Court, and Title.*) It is stipulated between Shaffer & Becker, Wm. O. Pickrell, and E. V. Boissiere, that the 26 brood sows, 1 boar, 12 shoats, and 25 suckling pigs, replevied in said cause No. 2231, and attached in said cause No. 2218, may be sold upon said attachment, with the understanding and agreement that the proceeds of such sale shall be held by said William O. Pickrell, subject to the event of said suit No. 2231, in lieu of said property.

Dated March 11, 1878.

JOHN W. DEFORD, *Att'y for Shaffer & Becker.*
BENSON & PARKINSON, *Atty's for E. V. Boissiere.*
WM. O. PICKRELL, *Sheriff Franklin Co., Kas.*

The gross proceeds of the sale of said hogs were $260.25. The necessary expense to the defendant of keeping said property after seizure and before sale was $110. The balance, after deducting expense of keeping, was $150.25.

The court further found as a conclusion of law, that the chattel mortgage as to said hogs was void for uncertainty, and as against the creditors of said Mott, was and is no lien upon the said hogs, or any part thereof. Judgment in favor of the defendant for his costs. *Shaffer & Becker* bring the case here on error.

*John W. Deford,* for plaintiffs in error:

Wherein does this description materially differ from that in *Brown v. Holmes,* 13 Kas. 492? There, the instrument merely stated the numbers and ages of the Texas cattle, and that they were in the possession of Ledrick, in Morris county, Kansas. Here, it states the number of stock hogs, their own-

ership by D. B. Mott, in Franklin county, Kansas, and that they were "to continue" in his possession, and to be cared for by him, until a time named. Does not the statement, that a certain number of stock-hogs are *owned* by a party in a given county and state, and *to continue in his possession,* convey more information than the statement that a specified number of Texas cattle, of such-and-such ages, are *in the possession* of a man in a county and state mentioned? Is there, *quoad hoc,* any difference between the ideas conveyed, by saying that a thing is in a man's possession, and that it is *to continue in his possession?* No, for both phrases show that he is possessed of the thing. (*Eddy v. Caldwell,* 7 Minn. 225; *Willey v. Snyder,* 34 Mich. 60.) The conclusion of law, found by the court below, is erroneous, and requires a reversal of the judgment. (*Ellington v. Charleston,* 51 Ala. 166.)

*Benson & Parkinson,* for defendant in error:

The mortgage was void for uncertainty as to the property in question, it not being sufficiently described. The description of property in a chattel mortgage should contain either some hint which would have directed the attention of those reading it to some source of information beyond the words of the parties to it, or something which would enable third persons to identify the property, aided by inquiries which the mortgage indicates and directs, or a description which distinguishes the property from other similar articles. (*Golden v. Cockril,* 1 Kas. 259; *Savings Bank v. Sargent,* 20 Kas. 576.)

Again, the mortgage does not say that the 250 stock-hogs are all the stock-hogs owned by Mott in Franklin county, or otherwise identify them. He may have had 500 or 5,000 hogs of the same description, from aught that appears in the mortgage or in the record. Taken in connection with the uncertainty of the description otherwise, this omission is fatal. (1 Kas. 266.) If such a description be good, an indefinite amount of stock might be shielded from the claims of creditors. (30 Ind. 9; 51 Ind. 235; 16 Pick. 36; 67 N. C. 40.)

The opinion of the court was delivered by

HORTON, C. J.: We think the description in the chattel mortgage of the property claimed by the plaintiffs in error sufficient, within the rule laid down in *Brown v. Holmes*, 13 Kas. 482. The description is: "Two hundred and fifty stock-hogs, owned by the said D. B. Mott, in Franklin county, Kansas." . . . "And," the mortgage proceeds, "until default be made as aforesaid, or until such time as the said parties of the second part shall deem themselves insecure as aforesaid, the said party of the first part *to continue in the peaceable possession of all the said goods and chattels,* all which, in consideration thereof, he engages shall be kept in as good condition as the same now are, and *taken care of* at his proper cost and expense." A fair construction of these provisions is, that the hogs at the execution of the chattel mortgage were owned by D. B. Mott, the mortgagor; that they were then in Franklin county, in this state, and were also in the possession of said Mott, in said county. The case of the *Savings Bank v. Sargent*, 20 Kas. 576, is unlike this. In that case, the chattel mortgage did not name the county and state where the property was located. The suggestion that Mott may have had 500 or 5,000 hogs of the same description in Franklin county, from aught that appears in the mortgage or in the record, is without particular force, as the canon of construction is to solve the doubts, if any exist, in favor rather than against the validity of a written instrument, and we have no right to imagine facts to exist in the record to invalidate and destroy the chattel mortgage.

The judgment of the district court must therefore be reversed, and the case remanded with direction to the court below to enter judgment for the plaintiffs in error, and the proceeds of the sale, less the costs of $110, to wit, the sum of $150.25, will be applied to the payment of the balance due Shaffer & Becker, as far as it may go.

All the Justices concurring.