1. **Chattel Mortgage**: DESCRIPTION OF PROPERTY: WHAT IS SUFFI-
CIENT. Where the property covered by a chattel mortgage was
described only by the mention of the several articles in a general way,
but following the descriptive words was this language: "The above
described property now in my possession;" and the mortgage contained
a provision forbidding the removal of the property from Hardin
county, *held* that the description was sufficient to give notice to third
parties by the recording of the instrument. See opinion for cases fol-
lowed and distinguished.

2. **Pleading**: EFFECT OF EXHIBIT. Whatever is contained or properly
recited in an exhibit which is made a part of a pleading is regarded
as averred in the pleading itself.

*Appeal from Hardin Circuit Court.*

FRIDAY, APRIL 23.

ACTION OF REPLEVIN. A demurrer to plaintiff's petition
being overruled, and defendant declining to plead further, a
judgment was rendered for plaintiff. Defendant appeals.

*C. E. Allbrook,* for appellant.

*Huff & Pillsbury,* for appellee.

BECK, J.—I. The plaintiff, in his petition, claims the pos-
session and title of the property replevied, under a chattel
mortgage, and alleges that defendant wrongfully

1. CHATTEL
mortgage: de-
scription of
property:
what is suffi-
cient.

and unlawfully detains the same, claiming to hold
it by virtue of the levy of an execution.thereon
issued upon a judgment against the mortgagor.
The petition sets out, as an exhibit, the chattel mortgage
under which plaintiff claims the property. The defendant
demurred to the petition on the following grounds: "(1)
That the description of the property in the mortgage relied
upon by the plaintiff is insufficient to impart notice to third
parties by the recording of the same; (2) for that the descrip-

tion in the said mortgage fails to locate the property, and the recording of the same for that reason would not impart notice to third parties; (3) for the reason that the facts stated in the petition, and the copy of the mortgage attached as an exhibit, are not sufficient to impart notice that the property levied upon is the identical property mortgaged, as to third parties; (4) for that the mortgage relied upon by the plaintiff, a copy of which is attached to plaintiff's petition, is so defective in the description of the same, and in the location of the property, that the recording of the instrument, as alleged in plaintiff's petition, would not impart notice to third parties." The mortgage shows that the mortgagor is a resident of Hardin county, and a list of the property conveyed is set out in the instrument. The property consists of horses, buggies, carriages, wagons, sleighs, harness, etc., usually found in a livery stock. Many of the articles are to some extent designated or described by their names; others are no further described than the mention of the article or animal in a general way. The property involved in this suit is described in this manner. It constitutes but a part of the property covered by the mortgage. It contains these descriptive words immediately following the list, "the above-described property, now in my posession," and provides that, in case of the mortgagor's "attempting * * * to remove from said county of Hardin the aforesaid goods and chattels, or any part thereof," it shall be lawful for the mortgagor to take possession of the property.

II. In our opinion, the mortgage sufficiently describes the property to lead to its identification upon inquiry suggested by the instrument; and that is sufficient. It plainly shows that the property was, when the mortgage was executed, in the possession of the mortgagor in Hardin county. A description no more certain and explicit has been held sufficient by this court. *Smith v. McLean*, 24 Iowa, 322. See *Eddy v. Caldwell*, 7 Minn., 225; (Gil., 166;) *Rhutasel v. Stephens, ante*, p. 627. Descrip-

tions held by this court void for uncertainty failed to direct inquiry for the identification of the property, by omitting to show in whom the possession of the property was when the mortgage was executed, or gave no means of identification, further than the bare statement of the species of the property or its kind, with marks that could as well apply to other property. See *Hayes v. Wilcox*, 61 Iowa, 732; *Muir v. Blake*, 57 Id., 662. Where the description of the property in controversy differs from the description in the mortgage, and no other means of identification are shown, the property is not bound thereby. *Ivins v. Hines*, 45 Iowa, 73; *Rowley v. Bartholemew*, 37 Id., 374. As to sufficiency of a description of property conveyed in a chattel mortgage, see *Yant v. Harvey*, 55 Iowa, 421. In our opinion, the description of the property contained in the mortgage is sufficient.

III. Counsel for defendant insist that the description is insufficient, for the reason that it fails to show the *"locus"* of the property, using the word employed by counsel to express the thought. Without determining that it is necssary to the validity of the description that the place where it was when the mortgage was executed should appear in the instrument, such objection cannot be urged in this case; for, as we have pointed out, it is clearly shown that the property, when mortgaged, was in Hardin county. This sufficiently complies with the rule urged by defendant's counsel. But the *"locus"* of the property, using counsel's language, did not appear in the mortgage involved in *Smith v. McLean, supra*.

IV. Counsel insist that, as the petition does not allege that the property was in the possession of the mortgagor, the third ground of the demurrer was well taken. There are two ready answers to this position: (1) The mortgage is made an exhibit to the petition, and is a part thereof. Whatever is contained or properly recited in it is regarded as averred in the petition. (2) The third count in the demurrer is based upon the ground that the facts

THE SAME.

2. PLEADING: effect of exhibit.

stated in the petition and mortgage are not sufficient to impart notice of the identity of the property levied upon with that mortgaged. But it will be understood, upon a mere suggestion, that the petition has nothing to do with "imparting notice." The mortgage which is set out in the petition, after registry as required by law, was sufficient to impart notice to the world of the property conveyed.

The foregoing discussion disposes of all questions in the case. The judgment of the circuit court is

AFFIRMED.