## W. L. SOUDERS v. JACOB R. VOORHEES.

CHATTEL MORTGAGE, *Void for Uncertainty in Description.*   The description of property in a chattel mortgage was "six hundred bushels of corn, growing, located and being on the west half of section thirty-six, town three, south of range eight east.   If said corn matures before the maturity of the note secured by this mortgage, the said Burnside to shuck the same and put in cribs on the premises above described."   The mortgagor remained in possession of the corn; and although there were more than one thousand bushels on the tract described, there was no separation or identification of the part intended to be conveyed.   Some of the corn was of good quality, while other portions were very inferior in quality.   While it was yet standing and unharvested, it was attached at the instance of a creditor of the

mortgagor, and replevied by the mortgagee. *Held*, That the chattel mortgage is void for uncertainty in the description of the property intended to be conveyed.

*Error from Marshall District Court.*

ACTION brought by *W. L. Souders* before a justice of the peace, to recover the possession of a quantity of corn which he claimed by virtue of a chattel-mortgage lien, and which had been levied on and taken possession of by *Jacob R. Voorhees*, as sheriff, under an execution and attachment. The trial resulted in favor of the plaintiff. The defendant appealed the case to the district court, where it was tried by the court at the August Term, 1884, upon an agreed statement of facts, which were as follows:

"1. This action was commenced November 7, 1883, before J. M. Shumate, justice of the peace, and is regularly in this court on appeal from the judgment of said justice.

"2. The defendant was, at the time of the commencement of this action, and for a long time previous, the sheriff of Marshall county; and as such sheriff, he had, before the commencement of this action, levied an execution and an attachment on all the corn growing and standing on the west one-half of section 36, township 3 south, range 8 east, in said county, except fifteen acres thereof off the west end of the piece on the southwest quarter of said section, south of the house, and was holding the same under and by virtue of said writ when this action was commenced.

"3. All the corn standing and growing on said half-section of land at the time of the levy of said writs was the property of one Thomas Burnside and in his possession; and the corn so levied on was levied on as the property of the said Thos. Burnside.

"4. At the time the defendant so levied on said corn, and at the time of the commencement of this action, the said Thomas Burnside was owing the plaintiff the full amount of principal and accrued interest on his note, of which the following is a copy, (said note heretofore set up in this made case, and marked 'A.')

"5. At the date of said note, said Thomas Burnside gave plaintiff a chattel mortgage to secure the same, which was regularly filed in the office of the register of deeds of said county, September 19, 1883, and before said corn was levied

on by defendant, all parties having notice thereof.    The following is a copy of said chattel mortgage, (which has been heretofore described in this made case, marked 'B,' and made a part hereof.)

"6.  At the time said chattel mortgage was given, all of the corn on said land was green and growing, and not in a condition to be harvested, and was ripe and in condition to be harvested before maturity of said note; and there was then over one thousand bushels of the corn which had been levied on by the defendant, some of which was of good quality and some of very inferior quality and of less value, and in addition thereto there was a large amount of stalks and fodder.

"7.  No particular parts of the corn growing or grown on the premises was ever designated by any person as being the corn mortgaged or intended to be mortgaged by Burnside to plaintiff.

"8.  Said corn was subject to levy as the property of said Burnside, and the levy made by defendant was regular and valid except as the levy and the right to levy were affected by the existence of said chattel mortgage.

"9.  This is an action of replevin, brought by plaintiff while defendant was as sheriff in possession of the corn levied on as aforesaid, a demand having been made before suit.

"10.  In plaintiff's affidavit in replevin in this action, the property sought to be taken is described as six hundred bushels of corn, growing and being on the west half of section thirty-six, town three, range eight east, of the value of ninety-nine dollars; and said defendant states that plaintiff has a special interest therein under a chattel mortgage given to plaintiff by Thomas Burnside, September 18, 1883.

"11.  No property was actually taken or attempted to be taken by virtue of the writ of replevin, but when said writ was served on defendant a redelivery bond was given, and defendant retained possession of the property until he sold the same at sheriff's sale.

"12.  At the commencement of this action Frankfort was the nearest and best market for the premises where said corn was raised; and at that time new corn in Frankfort was worth 20 to 22 cents per bushel at the elevator, and it was worth 8 to 10 cents per bushel to husk the corn and haul the same to Frankfort."

Upon these facts the court gave judgment for the defendant.

Of this judgment the plaintiff complains, and brings the case here.

*A. E. Park*, and *Brownell & Gregg*, for plaintiff in error.
*Mann & Patterson*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff brought replevin to recover the possession of six hundred bushels of corn, which the defendant, as sheriff, had levied on, and was holding under an attachment and an execution. In 1883, Thomas Burnside was the owner of a growing crop of corn, and on September 18, 1883, he executed a chattel mortgage upon a portion of the growing corn to secure the payment of $119.75 which he owed to the plaintiff. In the following month the corn was seized by the defendant; and the validity and regularity of the process under which it was taken is conceded. The plaintiff claims the property under the chattel mortgage, and the sole question presented for decision is, whether the mortgage is void for uncertainty in the description of the property intended to be conveyed. The description given in the mortgage is:

"Six hundred bushels of corn, growing, located and being upon the west half of section thirty-six, town three south, of range eight east. If said corn matures before the maturity of the note secured in this mortgage, the said Burnside to shuck the same and put in cribs on the premises above described."

We regard the description to be insufficient. The corn was green and growing when it was mortgaged, and remained in the possession of the mortgagor until it was levied on. There was no identification of the corn when the mortgage was made, and no portion was ever designated or set apart as that which was mortgaged or intended to be mortgaged. There was considerable more corn on the tract described than the quantity mentioned in the mortgage. It was not uniform in quality or in value, as it is stated as a fact that some portions of the crop were good in quality, others very inferior, and on still

other parts of the tract there were only stalks and fodder. How then was the corn to be designated? What portion of the tract was the mortgaged corn to be taken from? What quality of corn was conveyed—the good, the inferior, or the very inferior? By whom was the separation or selection to be made? In what way could the description be made definite and certain? Counsel for plaintiff have not satisfactorily answered these questions. The general rule of law is, that the mortgage of a number of articles out of a larger number is void for uncertainty when the particular articles intended to be conveyed are not separated or designated in any way so that they can be distinguished from others of the same kind. (Jones on Chattel Mortgages, § 56.) In *Savings Bank v. Sargent*, 20 Kas. 576, it was said that—

"The description of property in a chattel mortgage, to be good, should contain either some hint which would have directed the attention of those reading it to some source of information beyond the words of the parties to it, or something which will enable third persons to identify the property, aided by inquiries which the mortgage indicates and directs, or a description which distinguishes the property from other similar articles."

There was nothing in the description here given which would enable anyone to identify the property covered by the mortgage, nor was there anything on the face of the instrument that would afford a clue by which the part intended to be conveyed could be distinguished from that reserved. It is unlike the cases where the whole or some aliquot part of a crop growing on a definite tract is conveyed; and as the corn included in this mortgage is a part of a greater quantity made up of different grades and values, it is unlike a case where the articles mortgaged are a definite part of an ascertained quantity of uniform quality and value; and therefore the cases relied on by the plaintiff are plainly distinguishable from the present case. In *Brown v. Holmes*, 13 Kas. 482, there was a description of the age and kind of the cattle intended to be conveyed, and where and by whom they were held. This, with inquiries suggested by the mortgage, was sufficient to

enable third persons to identify the property, and the same may be said of the description that was given in the case of *Mills v. Kansas Lumber Co.*, 26 Kas. 574. In *Shaffer v. Pickrell*, 22 Kas. 619, the property designated was "two hundred and fifty stock hogs, owned by the said D. B. Mott, in Franklin county, Kansas." It was urged there, that as the mortgage and the record in the case did not show but that the mortgagor had other hogs of the same description, that the mortgage was void for uncertainty. The court held that the doubts, if any, on that score, should be resolved in favor of the validity of the instrument instead of against it, and decided the case upon the theory that the hogs designated were all the mortgagor had of that description; and hence they were capable of identification. Neither does *Sims v. Mead*, 29 Kas. 124, give any support to the plaintiff's theory; for there the description was an undivided two-thirds of a crop of wheat growing on a tract that was definitely described, so that there could be no doubt regarding the interest conveyed. None of the cases cited by plaintiff furnish any light or any rule by which the identity of property described as was that in this case may be ascertained, and unless it is described so as to be capable of identification the mortgage must be held void for uncertainty. . (*Tootle, Hanna & Co. v. Lyster*, 26 Kas. 589; *Savings Bank v. Sargent*, 20 id. 576; *Golden v. Cockrill*, 1 id. 259; *Richardson v. Alpena Lumber Co.*, 40 Mich. 203; *Hires v. Hurff*, 39 N. J. L. 4; *Fowler v. Hunt*, 48 Wis. 345; *Muir v. Blake*, 57 Iowa, 662; *Williamson v. Steel*, 3 Lea, 527; Herman on Chattel Mortgages, § 42; Jones on Chattel Mortgages, § 56.)

Judgment affirmed.

All the Justices concurring.