THE STATE OF KANSAS, *on the relation of Osie Minard,* v. PETER L. SOWDERS *et al.*

JUDGMENT, *Opening up — Discretion of Court.* For the purpose of administering justice, the district court has a very wide and extended discretion in opening up judgments, and in setting aside or modifying proceedings had before it, if it does so at the same term at which the judgment or proceedings are had, and if all the parties are present in the court and no advantage is taken of either party.

### *Error from Shawnee District Court.*

ACTION by *The State* to recover upon a bond given in a certain bastardy proceeding. The material facts are stated in *Sowders v. The State,* 37 Kas. 209, and in the opinion herein, filed October 5, 1889.

*R. B. Welch,* county attorney, and *Wm. R. Hazen,* for plaintiff in error.

*Overmyer & Safford,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This case was here before upon a demurrer to the second count of the answer, and reversed. (37 Kas. 209.) After the mandate of this court was received by the court below, the plaintiff filed a reply to the defendants' answer, and upon the issues joined trial was had. Judgment was rendered for the defendants, upon the authority of *McGarry v. The State,* 37 Kas. 9.

Of this, complaint is made. It is contended upon the part of the state that, as Peter L. Sowders was not present when the action against him was called for trial, and as his recognizance was forfeited and judgment rendered in his absence, the case was then closed, and the court lost all further jurisdiction. Further, it is contended that after the judgment was rendered, Sowders's liability became fixed by the judgment, and that he could not surrender himself into the custody of the court to suffer the consequences of the judgment.

It appears from the record that the action against Sowders was called for trial in the forenoon of the 18th day of September, 1885, and the trial had between nine o'clock A. M. and ten o'clock A. M. of that day. In the forenoon, about the time the court adjourned, the attorney of Sowders notified the district judge that Sowders had come into the city, that he had been belated, and was ready to have a trial. The district judge replied he could not hear the matter then, but directed the attorney to see the other parties and have them come into court at two o'clock P. M., and he would see what could be done. The attorney of Sowders at once notified Judge Hazen, the attorney for the relatrix, that an application had been made to have the court set aside the judgment against Sowders, and that it had been set down for hearing at two o'clock P. M. of September 18 — the same day upon which judgment had been rendered. At two o'clock the defendant with his attorney appeared in court, and Judge Hazen, attorney for the relatrix, also appeared. Sowders voluntarily surrendered himself in person to the court, and the court turned him over to the custody of the sheriff. To all of this the counsel for the relatrix objected, claiming that the court had no right so to do. After the defendant was in actual custody, the court ordered that he be committed to jail until he secured the payment of the judgment rendered against him.

It has been frequently decided by this court that after the testimony has been closed the court has the power on the same day, or at the same term, to open the case and hear further testimony. Of course neither party can insist upon this, as it is a matter within the sound discretion of the court; and its ruling thereon will not be reversed, unless it appears that its discretion has been abused. (*Brown v. Holmes,* 13 Kas. 493; *Cook v. Ottawa University,* 14 id. 548; *Railroad Co. v. Dryden,* 17 id. 278; *The State v. Teissedre,* 30 id. 476; *West v. Cameron,* 39 id. 736.)

Again, a party against whom a judgment is rendered by default may, within the sound discretion of the court, have that judgment set aside and be let in to answer. (*Gheer v.*

*Huber*, 32 Kas. 319.) Further, a trial court, for the purpose of administering justice, has a very wide and extended discretion in setting aside or modifying proceedings had in its own court, if it does so at the same term at which the proceedings were had. (*Hemme v. School District*, 30 Kas. 377.)

The action of the court on the afternoon of September 18 was in the nature of opening up the case heard and decided in the forenoon, for further proceedings, and this the court had a right to do within its own sound discretion. Both parties appeared by their attorneys in the afternoon, and were heard by the court. No advantage was therefore taken, and no error is apparent in the proceedings. Comp. Laws of 1885, ch. 47, § 13, being the "act providing for the maintenance and support of illegitimate children," provides among other things that "the judgment shall specify the terms of payment, and shall require of such defendant, if he be in custody, to secure the payment of such judgment by good and sufficient sureties; or in default thereof he shall be committed to jail until such security be given." At the time that the order complained of was made, the defendant was in the custody of the court, and therefore the court strictly followed the provisions of the statute. If the court had refused the application of Sowders to open up the judgment for further proceedings, we do not think it could have been held erroneous; but the application appealed to the discretion of the trial court, and the court was justified under all the circumstances in granting the same. It clearly did not lose jurisdiction, because all parties were present by their attorneys, and the judgment was opened and further proceedings had upon the same day upon which the judgment had been rendered, and before it had been entered upon the journal of the court.

Another reason it is claimed why the judgment of the lower court should be reversed is, "that the act of the court in declaring a forfeiture of the recognizance was a judicial act — an adjudication of the sureties' liability — and binding upon them until set aside, either upon an order of the court in which the forfeiture was declared, or by the supreme court upon a re-

view of the proceedings of the lower court; that neither at the time the defendant in the bastardy case surrendered himself to the jurisdiction of the court, nor at any time since, has the forfeiture been set aside." The action of the court in effect set aside the forfeiture.

In *The State v. Hughes*, 35 Kas. 626, the defendant was called for sentence, and the court inadvertently adjudged him to confinement at hard labor in the penitentiary for a term of six months.

" Within an hour after sentence was pronounced, the attention of the court was called to the mistake, and the prisoner and his counsel being still in court, the case was again called, and the court proceeded to sentence the prisoner to imprisonment for a term of one year. It does not appear that a formal order was made setting aside the first sentence, but the court pronounced the second sentence upon the same verdict, stating in the record as a reason for its action, that the statute did not authorize the judgment first pronounced. This was, in effect, a setting aside of the first judgment; and the only formal judgment recorded in the case is the one under which the prisoner is in custody sentencing him to imprisonment for one year. The general rule is that the records of a court may be corrected or revised at any time during the term at which the judgment is rendered. The sentence first pronounced against the defendant was not executed or put into operation, and 'so long as it remained unexecuted, it was, in contemplation of law, in the breast of the court, and subject to revision and alteration.' (*Commonwealth v. Weymouth*, 2 Allen, 147.) We think it is clearly within the discretion and power of the court, until the end of the term, to amend and revise or increase the sentence which had not gone into effect."

This disposes of all the matters presented.

The judgment of the district court will be affirmed.

All the Justices concurring.