## Richmond.

WILLIAMSON AND OTHERS v. PAYNE AND OTHERS.

February 2, 1905.

1. APPEAL AND ERROR—*Amount in Controversy.*—On appeal, the value or amount in controversy must, as a general rule, be made to appear affirmatively, and, if it cannot be ascertained, the appeal will be dismissed, as the burden is on the appellant to establish jurisdiction; but where the original demand is pecuniary and in excess of the jurisdictional amount, but it is alleged by appellee to have been reduced below that amount by payment, the burden is upon him to make that fact appear.

2. APPEAL AND ERROR—*Amount in Controversy—Debt and Expenses.*— Where a debt is secured by a deed of trust on personal property, which also secured the expenses of executing the trust and of drawing and recording the deed, and the validity of the deed is assailed, such expenses are proper to be considered in arriving at the amount in controversy on appeal.

3. CHATTEL MORTGAGE—*Description of Property.*—A deed of trust on personal property gives a sufficiently definite description of the property granted when it enables a stranger to identify the property by the aid of proper enquiry such as the instrument itself indicates and directs. A deed which grants horses, mules, oxen and wagons in the same clause with a definitely described lumber plant, and apparently as a part of the outfit, and which shows that they are owned by and are in the possession of the grantor, and that the grantor, trustee, and beneficiary all reside in the county in which the deed is recorded, gives a sufficient description of the property granted.

Appeal from a decree of the Circuit Court of Henry county, in the chancery suit of *Williamson* v. *Payne,* in which the appellee, W. H. Cassell, filed a petition.

*Reversed.*

The opinion states the case.

*Hairston & Gravely,* for the appellants.

*L. W. Anderson,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The facts of this case necessary to be stated are as follows: Appellants, who are creditors by deeds of trust of the Franklin Log & Lumber Company, together with their respective trustees, filed a bill in equity in the Circuit Court of Henry county for an injunction to restrain the grantors in said deeds, and other persons, from removing or in any manner interfering with the trust property. The bill further prays for the appointment of a receiver, and for the sale of the trust subject and the application of the proceeds to the payment of the debts secured.

At the December term, 1903, the court awarded an injunction and appointed a receiver in accordance with the prayer of the bill, and also directed the receiver to take possession of the trust property, sell the live stock at public auction, and to deposit the proceeds of sale in bank, subject to the order of the court.

At the same term the appellee, Cassell, recovered a judgment against the Franklin Log & Lumber Company for more than $300; and, having subsequently caused an execution to issue on the judgment, intervened in the suit in equity, and asserted priority of lien for the execution to the demands of appellants, upon the property in controversy.

From a decree in the cause sanctioning that contention, this appeal was allowed. The ground of decision of the Circuit Court was that, while the deeds in question were valid and binding between the parties, the property conveyed was not sufficiently

described for the recordation of said deeds to affect third parties with constructive notice of the identity of the property conveyed.

Before considering the case in that aspect, it will be necessary to notice the contention of appellee that each of the amounts in controversy, exclusive of costs and interest accrued since the decree appealed from, is less in value or amount than $300, and that this court is consequently without jurisdiction to entertain the appeal.

The demand asserted by Williamson, with interest to the date of the decree, is $475; but it is said that the amount in controversy as to him is the original demand, less the sum directed to be paid him by the decree under review, which payment, it is alleged, reduces his debt to less than $300.

The property in dispute had been sold by the receiver under a former order of the court, and the decree appealed from directs him, out of the proceeds, to pay to the appellee, Cassell, the amount of his execution, including interest and costs, and his costs in this suit expended, and, after paying all other unpaid costs, to pay the residue to the appellant, Williamson. What that residue amounts to, the record does not disclose.

Generally speaking, the value or amount in controversy must be made to appear affirmatively. If it cannot be ascertained, the appeal will be dismissed, and the burden is on appellant to establish the jurisdiction." 2 Cyc. 555.

On the other hand, where the original demand is pecuniary and in excess of the jurisdictional amount, but is alleged by the appellee to have been reduced below that amount by payment, the onus rests upon him to make that fact appear. *Fink Bros. & Co.* v. *Denny,* 75 Va. 663; *Filler* v. *Tyler,* 91 Va. 458, 22 S. E. 235.

The debt of the appellant, Clement, amounts, with interest to the date of the decree, to $293, and his deed of trust also

secures the expenses of executing the trust and drawing and recording the deed, which, it is conceded, raise his demand beyond the jurisdictional amount. That these latter items are proper to be considered in arriving at the amount in controversy, see 2 Bar. Ch'y Pr. (2nd Ed.), p. 1208.

So that, if appellee's apprehension of what constitutes the amount in controversy in this case is correct, the allegation that appellants' respective demands are less than $300 is not sustained.

On the merits of the case, the decision of this court in *Hardaway* v. *Jones*, 100 Va. 481, 41 S. E. 957, is relied on to show the insufficiency of the description of the property to affect Cassell with constructive notice under the registry act.

In that case the deed of trust conveyed four mules, without further description. It did not state where or in whose possession they were, nor did it mention the residence of either the grantor, the trustee, or the beneficiary. The deed was acknowledged before a notary public in Scott county, and was put to record in that county. Within less than one month after the deed had been recorded, the grantor removed the mules to Wise county, and sold them for a valuable consideration to a purchaser residing in that county, who had no actual notice of the deed of trust. A few days thereafter the trustee demanded possession of the mules, and upon the refusal of the purchaser to surrender them, brought an action of detinue for their recovery, which resulted in a judgment in his favor. That judgment was reversed on appeal; this court, as remarked, holding that the description of the property was inadequate to affect innocent third parties with constructive notice under section 2468 of the Code.

It must, however, be observed that there are many distinguishing features between that deed and the deeds drawn in question in this case.

The two deeds convey the same property, and, with the ex-
ception of dates, amounts, trustees and beneficiaries, are prac-
tically identical in form.   Both deeds show that the grantors
resided in the county of Henry, and the trustees and benefi-
ciaries in the town of Martinsville.   The horses, mules, oxen,
and wagons were conveyed in the same clause with a definitely
described lumber plant, consisting of an engine, boiler, and
sawmill, and would naturally have been regarded as parts of
that outfit.   The deeds further show that the property was to
remain in the possession of the grantors until default was made
in the payment of the debts secured.   And, finally, it appears
that the deeds were executed and duly recorded in the clerk's
office of the County Court of Henry county before the recovery
of Cassell's judgment.

The doctrine of *Hardaway* v. *Jones, supra*, is that a deed of
trust or mortgage conveying chattels, constitutes constructive
notice to third persons, when the description in the deed or
mortgage is such as would enable them to identify the property,
aided by the inquiries which the deed or mortgage itself indi-
cates and directs.   And the court, in that case, at p. 485, ob-
serves :  "In no case that we have seen has the recordation of
a deed of trust been held to be constructive notice, which con-
tained no description of the animals conveyed except their num-
ber, which did not state in whose possession the property was,
or where it was located or might be found, or where any party
to the deed resided."

The converse of that proposition is also true, that the record-
ation of a deed which furnishes a stranger with the obvious
means of identifying the property, which these deeds afford,
does give constructive notice.

The registry of the deeds in question affected Cassell with
constructive notice of the following facts:   That his debtors
resided in the county of Henry; that they had conveyed their

property to trustees, in trust, to secure the debts described in the deeds; that the trustees and creditors were all residents of the town of Martinsville; that the property constituted part of a sawmill outfit which belonged to his debtors; and that the whole of it was in that county, and in possession of the grantors.

The written description of personal property in mortgages, taken alone, rarely furnishes strangers adequate means of identifying the property, and information thus imparted must usually be supplemented or aided by extraneous inquiry.

That would have been equally true in this instance, even though the sex, color, and names of the live stock conveyed had been specified in the deeds. Hence the reasonableness of the rule that a deed is sufficiently definite when it enables a stranger to identify the property aided by proper inquiry such as the instrument itself indicates and directs.

The same is true with respect to the description of land in an action of ejectment. It is not required that the designation should be so certain that the officer will know from an inspection of the record of what he is to give possession; but, in executing the writ of possession, he may supplement the information obtained from the record with knowledge acquired from the plaintiff. *Howdashell* v. *Krenning, ante* p. 30, 48 S. E. 491.

In a leading case on the subject under consideration, *Willey* v. *Snyder*, 34 Mich. 60, Chief Justice Cooley says: "Written descriptions of property are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect, the parties and their privies. A subsequent purchaser or mortgagor is supposed to acquire a knowledge of all the facts, so far as they may be needful to his protection, and he purchases in view of that knowledge. . . . Descriptions do not identify by themselves, they only furnish the means of

identification. They give certain marks or characteristics, perhaps historical *data* or incidents, by the aid of which we may single out the thing intended from all others; not by the description alone, but by that explained and applied." See notes to *Bassett* v. *Fisch* (Iowa), 14 Am. St. Rep. 238, 41 N. W. 310, where many illustrations of the doctrine will be found.

In *Estes* v. *Springer*, 47 Mo. App. 90, it was held: "Notwithstanding the description in a chattel mortgage is faulty, in that it does not locate the property and does not state who is the owner, yet such fault is cured where other portions of the instrument show the residence of the mortgagor, and that the property is in his possession, and that it shall not be moved from the county in which the mortgagor's residence is fixed, and that upon default it shall be sold in such county."

Also in *Shaffer* v. *Pickrell*, 22 Kan. 619: "A chattel mortgage in which the description of the property is as follows: 'Two hundred and fifty stock hogs owned by the said B. D. Mott, in Franklin county, Kansas,' and which contains the provision that until default be made, or until such time as the mortgagees shall deem themselves insecure, the mortgagor, said Mott, is to continue in the peaceable possession of all the property, all of which, in consideration whereof, he engages shall be left in as good condition as the same now is, and taken care of at his own cost and expense, is not void for uncertainty."

See, to the same effect, *Brown* v. *Holmes*, 13 Kan. 492; *Wells* v. *Willcox*, 68 Ia. 708, 28 N. W. 29; *Everett* v. *Brown*, 64 Ia. 420, 20 N. W. 743; *Bank* v. *Johnson*, 79 Ia. 290, 44 N. W. 551; *Eddy Fenner Co.* v. *Cardwell*, 7 Minn. 225 (Gil. 166).

The rule fairly deducible from the authorities seems to be that. "where there is a description of the property mortgaged, and the description is true, and, by the aid of such description and the surrounding circumstances, the third person would, in the ordinary course of things, know the property was mort-

gaged, the description should be held sufficient. *Mills* v. *Kansas Lumber Co.*, 26 Kan. 578.

For these reasons the decree appealed from, to the extent to which it establishes appellee's execution as a superior lien to appellants' deeds of trust on the property involved in this litigation, is erroneous, and must be reversed and annulled, and the cause remanded to the Circuit Court of Henry county for further proceedings to be had therein not in conflict with this opinion.

*Reversed.*